# OCTOBER TERM, 1865, AT DETROIT.

## George Parker and another v. Benjamin Luce.

*Attachment. Evidence on motion to dissolve.* On motion for the dissolution of an attachment, evidence that the defendant, a short time previous, made an arrangement with a person to take his property under a pretended sale, in order to cover the same from defendant's creditors, and that the person took possession of it under this arrangement, is material and should be admitted.

And where, in such case, a witness testified that he first saw the property attached (a mare,) in April previous, at the barn of a Mrs. August, and the plaintiff's counsel then asked him, "For what purpose did you go there to see the mare?" which question being objected to, he stated that he proposed to follow it with proof of the above facts. *Held,* That a statement by the witness of said facts would have been fairly responsive to the question, and that the commissioner erred in excluding it.

*Witnesses.* Questions put to a witness on the stand ought not to be construed too technically.

*Heard November 8th. Decided November 11th.*

Certiorari to a circuit court commissioner of Kent county.

On the 29th day of May, 1865, plaintiffs sued out of the circuit court for the county of Kent a writ of attachment against the goods and chattels of defendant Luce, and delivered the same to the sheriff, who, by virtue thereof, on the 7th day of June following levied upon certain property of the defendant.

The defendant, on the 31st day of July, instituted proceedings before a circuit court commissioner for dissolution of the attachment.

On the hearing, plaintiffs called one Perry Hill as a witness, who testified as follows: "I reside in the township of Grand Rapids; I know the defendant, Luce; he married my sister

14 Mich.—B.

for his first wife; I know the mare 'Kitt,' that was seized under the attachment; I recollect when I first saw that mare; I think I don't know the date exactly; it must have been the latter part of April; she was over on the west side of the river, a little way from the bridge; she was in an old wood stable or barn; I believe Mrs. August was in possession of the barn; I think it was after the death of Mr. August."

Whereupon the counsel for the plaintiffs asked the witness the following question, viz: "For what purpose did you go there to see the mare?" This question was objected to by the counsel for the defendant, as being irrelevant, immaterial, and incompetent. The counsel for the plaintiffs then stated that he proposed to follow this question with proof, that the witness went there to look at the mare with a view to take her into his possession, under an arrangement made with the defendant, in the shape of a pretended sale, in order to cover up the defendant's property from his creditors, and that he took the mare into his possession under that arrangement. The commissioner sustained the objection to the question, and the witness was not permitted to answer it. Other testimony was introduced by both parties, at the conclusion of which the commissioner granted an order, dissolving said attachment, and directing that the property attached should be restored to said defendant.

The writ was brought to review this order.

*Ferris & Holden* and *C. I. Walker* for plaintiffs.

*G. V. N. Lothrop* and *J. W. Champlin* for defendant.

CAMPBELL J.

Plaintiffs in error have brought *certiorari* to review the action of a circuit court commissioner in dissolving a writ of attachment. The property attached included a mare, which a witness named Perry Hill testified he first saw at the barn

of a Mrs. August, in April previous to the suing out of the attachment. Plaintiffs then asked him, "For what purpose did you go there to see the mare?" This was objected to as irrelevant, and incompetent, because the intention of witness as a third party was of no consequence. Plaintiffs then proposed to follow this question with proof that witness went there to look at the mare with a view to take her into his possession, under an arrangement made with the defendant, in the shape of a pretended sale, in order to cover up the defendant's property from his creditors, and that he took the mare into his possession under that arrangement. The commissioner ruled out the question as irrelevant.

We think this decision was wrong. The facts which it was proposed to prove, in following up this question, were undoubtedly admissible. But it is claimed they were entirely independent of this question. We think, on the contrary, that they would have been fairly responsive to it. Undoubtedly the question might in one sense refer to the mere thoughts which were passing in the mind of the witness. But this is not its common or obvious meaning. When we speak of the purpose for which anything is done or made, we do not refer to the mere thoughts of the maker, but to the thing which is to be effected. And in the present case the question was equivalent to "Why did you go?" or to any other question which would elicit the thing which was to be done, or the occasion which led to it. Questions put to witnesses must be understood to be framed so as to conform to the common understanding; and if narrowed down to but one of many meanings, and that the primitive and narrow acceptation of the terms used, the people at large must become much more accomplished in the niceties of philology than we can fairly expect to see them. We have not been able to construe this question as it is claimed the commissioner did, and we think it was properly framed and in no degree ambiguous.

The order vacating the attachment must be quashed, with costs.

The other Justices concurred.