BARTEAU vs. WEST and others.

*Dedication of property to public uses — how established. — Facts necessary to constitute a dedication. — Acts of an agent, how far binding on his principal.*

1. That land, claimed to have been set apart by the original owner for the use of the public as a street, has for sixteen years been inclosed and occupied by a trespasser as private property, is no evidence to disprove the fact of dedication. To have this effect, the occupancy must have been by or under the original owner.

2. It is proper evidence of the dedication of a street by the original owner of the property, that in a conveyance executed by him, a "reserve for" the street in question is named as one of the boundaries of the land conveyed.

3. Neither compensation, nor the intervention of a jury to determine the necessity of the taking, is required to the valid *dedication* of property to the public use.

4. Acceptance alone is necessary, and such acceptance may be evidenced by the actual user of the property for the purpose for which it is dedicated. DIXON, C. J., dissents.

5. Authority to an agent to purchase a town site and to lay out a town, is authority to lay out streets in such town, or to dedicate them to the public use; and the acts or representations of the agent with reference to the laying out and dedication of streets will bind the principal, — particularly if it appears that such acts and representations were brought to his knowledge, and were ratified by him.

APPEAL from the Circuit Court for *Outagamie* County.

Trespass *quare clausum.* Answer, that the *locus in quo* was within the limits of a street, and that the acts constituting the alleged trespass were necessary to the clearing of the street, and were done under the authority of the common council of the city of Appleton. The evidence on the part of the defense tended to show that as long ago as 1850, the land in question had been dedicated for a street by Amos Lawrence, who then owned it, or by his agent authorized to lay out the town, contract for the sale of lots, etc.; and that the same had

been used and recognized as a street by the public. The plaintiff asked for a number of instructions, all of which were refused, or given with modifications. The court also gave several instructions asked for by the defendant. The evidence, and the instructions given and refused, so far as material to the points raised on the appeal, are stated in the opinion.

Verdict and judgment for the defendant; new trial refused, and appeal by the plaintiff.

*George H. Myers*, for appellant, upon the several questions reviewed in the opinion, cited the following: *Talmage v. Huntting*, 29 N. Y. 447; *Clements v. West Troy*, 16 Barb. 251; 19 Wis. 90; *Norton v. Peck*, 3 id. 714; *Hood v. Finch*, 8 id. 381; *Lumsden v. Milwaukee*, id. 485; 2 Wend. 472; 1 id. 262; 11 id. 85; 8 id. 85; 20 id. 96; *Badeau v. Mead*, 14 Barb. 339; *Holdane v. Trustees*, 21 N. Y. 474; *Ward v. Davis*, 3 Sandf. 502; 1 Parsons on Contracts, 44, 45; 2 id. 548; *Mumford v. McPherson*, 1 Johns. 414; Greenl. Ev. § 87.

*W. S. Warner*, for respondent, cited 3 Kent's Com. (1866) 451; *Connehan v. Ford*, 9 Wis. 240; *Gardiner v. Tisdale*, 2 id. 153; *Emmons v. Dowe*, 2 id. 322; 2 Wash. on Real Prop. 455–458; Story on Agency, 135; *Mosher v. Chapin*, 12 Wis. 453.

COLE, J. The exceptions in this case arise mainly upon the instructions. That the court was right in qualifying the first instruction asked, there can be no doubt. The position that the jury, in determining the question whether a street had been dedicated by the owner, and accepted by the public authorities as a street, might consider whether any of the land had been actually enclosed and occupied as private property, and that if it had been so enclosed and occupied for sixteen years, that was conclusive evidence that no dedication had been made, seems to us utterly erroneous. Suppose a person not claiming through, or in any way connected with, the title of the original owner

who made the dedication, is permitted by the public to occupy a portion of the street: what bearing can such a trespass have upon the question of dedication? The court held that if the street was enclosed and occupied *by the original owner, or any one claiming under him,* for sixteen years, this would be sufficient evidence that no dedication of the land had been made to or accepted by the public. This was certainly as favorable a charge for the plaintiff as the law applicable to the case would permit; and if there was any error on this point, it could not prejudice the plaintiff.

The error in the second instruction asked consists in stating that it was essential to a complete dedication of a street, not only that the public should actually accept the dedication, but that it should *actually lay out and use the same as a street.* In this connection the court instructed the jury, that to establish a parol dedication of land to the public, unequivocal acts of the owner of the fee must be shown, proving his intention to make an actual dedication of the premises; and that unless they believed from the evidence that Lawrence, or some owner of the fee of the property in question, actually intended a present dedication of the premises in dispute to the public as a street, the plaintiff was entitled to recover damages for invading his inclosure. The criticism made upon this part of the charge is, that the jury were not likewise told, that to constitute a valid dedication, an acceptance, laying out and use of the street as such by the public, was necessary. It is true, that idea was not embraced in this proposition. But the jury were subsequently told, in distinct language, that it must appear that the dedication was accepted by the public. Indeed, that idea is so frequently and prominently put forth by the court in other parts of the charge, that it is impossible the jury could have been misled upon the subject. For they were instructed, that, while there need be no formal acceptance of the dedication on the part of the public, but use of the same as a street would

be a sufficient evidence of acceptance, yet there must be in fact an acceptance by the public authorities.

The deed from Lawrence to Beach did, in our judgment, tend strongly to prove a dedication of the space for a street. It conveyed a strip of land in the south part of the block, forty-five feet in width on College avenue, extending back, between parallel rectangular lines, one hundred and twenty feet, and a piece on the north part of the block, bounded on the east by a line commencing on the south line of Edwards street, one hundred and twelve feet east of the junction of that line with the east line of Morrison street, "thence southward on a line parallel with Morrison street 140 feet, *to a reserve for a street running east and west through said block.*"* What stronger or better evidence could there be, that a dedication of a street had been made by the original owner, than conveyances from him in which such street is recognized and lands are bounded by it? It was certainly a fact which the jury were authorized to consider in determining the question whether the land had been dedicated by Lawrence, or by his agent, as and for a street. Even if the evidence was not entirely conclusive upon the point that Lawrence himself originally intended to dedicate that strip for a street, the phraseology of the deed tended to show at least a ratification by him of Smith's acts in appropriating the land to public use. And this is all we deem it necessary to say in respect to the exceptions to that portion of the charge.

The court was further asked to charge, that an acceptance of the dedication of the land in dispute by the public authorities

---

* The land here described as a " reserve for a street " is the same which the defendants claimed to be a street. The deed in question was put in evidence by the defendants against plaintiff's objection. It was executed by Amos A. Lawrence, the proprietor of the plat, in 1854. The court refused to instruct the jury, as requested by the plaintiff, that this deed did not tend to prove a dedication of the reserve therein mentioned to the public as a street, but showed a reservation of the same to Lawrence, his heirs and assigns, as fully as he held said reserve before the execution of the deed.—REP.

of the village or city of Appleton, could only be made by having the necessity of taking the land for a street established by the verdict of a jury, etc. This instruction was, of course, properly refused. There is a strange confusion of ideas in the proposition. Dedication itself means an appropriation by the owner of his land for public uses. The public does not "take" the land when it is dedicated, within the meaning of that word; that is, does not deprive a person by some legal proceeding of his property; for the very obvious reason, that the property is given or devoted by the owner himself for public use and enjoyment. There is, therefore, no "taking" in the case, nor any need of a jury to determine the necessity of taking private property for public use. And here we will further add, that we do not understand that the public must make compensation for land dedicated, as suggested by the counsel for the plaintiff. Compensation must undoubtedly be made where land is taken for the use of the public against the consent of the owner.

The only remaining part of the charge which we think it necessary to notice, is the second instruction given at the request of the defendants. That instruction was, "that if Reeder Smith was agent for Lawrence for the sale of lots by contract, which contracts were afterward recognized by him, and deeds issued thereon, Lawrence is bound by any representation made by Smith in reference to streets at the time of entering into said contracts. And if said agent dedicated any lands in manner aforesaid, at the time of sales, Lawrence and his assigns are estopped from reclaiming the same."

It appears from Smith's testimony, that he first came to Appleton under verbal authority from Lawrence to purchase a town site, and lay out a town, and to draw on Lawrence for money. Afterward Lawrence sent him written instructions in regard to what he was to do with the property purchased at that place. Lawrence authorized Smith to retain charge of the land which he had purchased or might purchase for him, and

also authorized him to take charge of the other property belonging to him (Lawrence) being within the limits of the town of Appleton, and to make contracts for the sale of the land according to Smith's discretion; Lawrence saying that he would execute deeds for such as might be sold, at all times when advised. Smith made various sales of lots in block 29, representing that there was, or should be, a street through the block. Lawrence made conveyances for sales thus made by Smith, in one of which the street is referred to. In all conveyances the lots were described by metes and bounds, and there was a strip of sixty feet or more through the block from east to west, near the middle of the block, not sold to any one, which Smith says he dedicated as a street. Now, we think the acts and representations made by Smith were strictly within the scope of his authority, and were binding upon his principal. He was authorized by Lawrence to purchase a town site and lay out a town. This, surely, implied an authority to lay out streets, or dedicate them for the use of the public. He was likewise authorized to make contracts for the sale of lots. His acts and declarations, therefore, touching the matter of the contract, are to be treated as the acts and declarations of Lawrence. This is a very familiar principle of law.

The other instructions given on behalf of the defendants are so obviously correct that they require no special notice.

We have not commented on all the exceptions taken in the case, but it is believed that we have disposed of the material questions arising upon the record.

*By the Court.* — The judgment of the circuit court is affirmed.