Trerice and another vs. Barteau.

TRERICE and another vs. BARTEAU.

*December 14, 1881 — January 10, 1882.*

DEDICATION: ADVERSE POSSESSION. *(1) What essential to validity of dedication. (2, 3) Evidence as to dedication, and as to adverse possession.*

1. There cannot be a dedication to a limited portion of the public; and an *acceptance* by the public is necessary to a valid dedication.
2. Words purporting to grant a strip of land to a city, inserted in a deed to a third person of lots adjoining such strip, while of no effect as a conveyance to the city, may be evidence of the grantor's intent to dedicate such strip to the public.
3. On the question whether a certain strip of land in a city is a public alley, evidence is admissible to show that such strip has been taxed by the city ever since its organization; that it has been sold by the county, with other lands, for taxes, and deeds given on such sales; that it appeared as an alley on none of the authorized maps of the city; that the city has never authorized or accepted the dedication; that the strip has never been used by the public, but only by the adjoining lot-owners; and that plaintiff went into possession of it more than ten years before the action, and fenced it in with her adjoining lot, has cultivated and built upon it, and has paid taxes upon it every year for about ten years, except when it was sold for taxes; such evidence tending strongly to show both a non-acceptance of the alleged dedication, and a title in plaintiff by adverse possession. *Lemon v. Hayden,* 13 Wis., 160, distinguished.

APPEAL from the Circuit Court for *Outagamie* County.

This action was brought by a married woman and her husband for a trespass upon her land in that the defendant unlawfully entered upon the same and piled timber thereon. The answer, in addition to a general denial, alleged that the land in question was a public way or alley, and that defendant owned land immediately adjoining it. The court found the facts in defendant's favor; and from a judgment pursuant to the finding, plaintiffs appealed.

For the appellants there was a brief by *George C. Dickinson* and *Barnes & Goodland,* and oral argument by *Mr. Barnes*

For the respondent there was a brief by *Collins & Pierce,* and oral argument by *Mr. Pierce.*

COLE, C. J.. The contention on the trial was, whether the *locus* where the alleged trespass was committed, was a public alley or the private property of *S. A. Trerice.* The court below held that it had, for a long time prior to the act complained of, been a public alley or thoroughfare. The four deeds offered in evidence, which were executed by David Kimball, conveying lots bounded by the alley, were certainly competent to show that Kimball, the owner of the land, had dedicated to the public use a strip in the rear of the defendant's lot, twenty feet wide, and extending north from Edwards street 106 feet, as and for a public street. Some of the deeds contain words of grant purporting to convey the strip to the city of Appleton; but as the city was a stranger to these deeds, it is doubtful if any other or different effect can be given them than to say, as in *Barteau v. West,* 23 Wis., 416, that they clearly show an intention on the part of the owner to dedicate the strip for a public alley. There could not be a dedication to a limited part of the public *(Tupper v. Huson,* 46 Wis., 646), and the language of the instruments repels any inference that there was an intention to restrict the dedication, if it were competent for the owner to do so. But it is elementary law, that to constitute a valid dedication there must not only be an intention on the part of the owner of the land to dedicate, but there must also be an acceptance of the dedication by the public. It was claimed in this case that the city of Appleton had never in fact accepted the dedication of the alley to the public use, nor in any manner recognized it as a public way. And, as tending to prove such non-acceptance of the dedication, the plaintiff offered to show that the strip in question had been taxed by the city of Appleton ever since it had been a city; that it, with other lands, had been sold by the county for taxes, and tax deeds given; that upon none of the authorized plats

of the city does this alleged alley appear; that the city has never recognized nor accepted the dedication of the alley; that it has never been used by the public, but only by the adjoining lot-owners; that the plaintiff *S. A. Trerice* went into possession of the strip about the year 1866, and fenced the same with her adjoining lot; and that she has cultivated the alley, has improved and placed buildings upon it, and has paid taxes on it every year since the first tax deed was given, in May, 1868, except when it was sold for taxes. All this evidence was objected to, and excluded by the court. It seems to us that this evidence was pertinent to the issue, and was improperly ruled out. It surely tended very strongly to prove a non-acceptance of the dedication of the alley by the public authorities. Nay, more; it was calculated to establish the fact that the plaintiff *S. A. Trerice* had been in the adverse possession of the strip under claim of title exclusive of any other right, founding such claim upon written instruments as being a conveyance of the strip, for more than ten years, or until the bar of the statute had run in her favor.

But it was urged by the learned counsel for the defendant, that the mere fact that the land over which the alley ran was taxed by the city, would not justify the inference that the grant or dedication had not been accepted by the public. But that fact, taken in connection with the other facts which the plaintiff proposed to prove, namely, that the city had never in any way recognized the alley as a public way, and that it had never been used as such by the public, but had been enclosed by a fence for years with the plaintiff's lot, and had been occupied, improved and exclusively used as private property — would raise an irresistible presumption that the dedication had never been accepted, and that the public authorities declined to accept it. It may well be, as the same counsel argue, impossible for the city to set watchmen who will guard its highways and alleys against the encroachments of avaricious people, who are on the alert to appropriate that to which they have no exclu-

sive right, or to prevent some blundering assessor from assessing public streets for taxation; but it is reasonable to suppose that the local authorities would not suffer its highways to be taxed and sold, and tax deeds given upon them, and then let them be fenced up and used as private property, for a series of years, without asserting the rights of the public in the matter.

In the case of *Lemon v. Hayden*, 13 Wis., 160, the highway, though taxed by the city and county authorities, was continuously and publicly used as a highway; consequently it was held that the acts of the city and county officers in taxing it and selling it for taxes were really no evidence that the public did not regard and treat it as a highway by dedication. But that case, in its leading facts, is so unlike the one at bar as to require no comment to mark the distinction. It must also be borne in mind that this is not a dedication of the alley by means of a plat which was made out, certified, acknowledged and recorded in conformity to the statute upon the subject, so as to bring the case within the doctrine of *Jarstadt v. Morgan*, 48 Wis., 245, and that class of cases. It was proposed to show that the alley did not appear upon any authorized map or plat of the city or of block 38. And in any view which we have been able to take of the case, it seems to us the judgment of the circuit court must be reversed, and a new trial awarded.

*By the Court.*— It is so ordered.