[No. 761.   Decided February 17, 1893.]

EZRA MEEKER AND ELIZA J. MEEKER, *Appellants*, v. CITY OF PUYALLUP, *Respondent*.

DEDICATION — DEED TO NON-EXISTENT MUNICIPALITY — CONSTRUCTION.

A deed of certain land was made to the town of Puyallup for use as a park upon condition that the town should by ordinance accept the grant and agree to comply with certain conditions; the town council passed an ordinance and the town assumed control of the park. It was subsequently discovered that the town was a void incorporation, and the city of Puyallup was thereupon organized and incorporated, covering substantially the same territory, and this new incorporation assumed control of said park, but did not pass an ordinance accepting the land until after suit by the grantors to cancel their deed and enjoin the city from using the land. *Held,* That the deed was in effect a dedication to the public; that the public, to whom it was dedicated, is now represented by the city of Puyallup, and that said city, as the representative of such public, has sufficiently complied with the conditions of the dedicatory grant.

*Appeal from Superior Court, Pierce County.*

*Pritchard, Stevens, Grosscup & Seymour*, for appellants.
*W. W. Gaskill*, and *Thomas Carroll*, for respondent.

The opinion of the court was delivered by

HOYT, J.— In 1889 appellants executed and delivered to the town of Puyallup a deed conveying the land in question to said town for the purposes of a public park.    Such deed

was accepted by the town and placed on record in the auditor's office, and an ordinance was duly passed agreeing to all the conditions set out in said deed. Thereafter said town, by its properly constituted authorities, took possession of the land and exercised full control of the same as a public park. The grantors fully recognized the right of said town so to.do, and in many ways encouraged and acquiesced in the use and control of said land as such public park. Subsequent to the making of this deed the attempted incorporation of said town was declared invalid by this court. Some time thereafter the city of Puyallup was duly incorporated under the laws of the State of Washington, with substantially the same boundaries as those included in the attempted incorporation of the town of Puyallup. After the incorporation of the said city of Puyallup the authorities thereof exercised acts of ownership over the land in question as a park, in the same manner as had the acting authorities of the former attempted incorporation. The said city of Puyallup also duly passed an ordinance accepting all the conditions in the deed to the said town of Puyallup. This ordinance was not passed until after the action was commenced, and could not aid the title of respondent under the deed in question; but as it was a fact in the case at the time the decree was rendered, it could properly be taken into account in determining the relief to be granted. The above stated facts appear clearly from the record, and there is some testimony tending to show acts on the part of the grantors in said deed since the incorporation of said city affirmatively recognizing the use of the land in question as a public park. But upon this point the proof is not satisfactory. There is, however, proof that for some months after the new incorporation the appellants stood by and, with knowledge that the property was being used and controlled by the city as a park, said nothing in opposition to its being so used and con-

trolled.   Appellants sought by this action to obtain a de-
cree that the city of Puyallup has no rights to the land in
question, and that said appellants are the owners thereof,
discharged of and from any claim of the public growing
out of the facts above set forth.

That the acts of the appellants outside of the making of
said deed were insufficient to constitute a dedication of the
land is clear, and, if such deed can have no force in aiding
the contention of the respondent that the same has been
dedicated to public use, the claim of appellant must be sus-
tained.   The important question then, is as to the construc-
tion of this deed.   Appellants claim that it is absolutely
void for the reason that at the time it was executed there
was no grantee to take the title.   If it is to be construed
as a conveyance for private uses, such would be the un-
doubted effect of the want of a grantee; but if the grant
is such that it can be construed as a dedication to the pub-
lic, such would not be the necessary result.   A grant of
this kind may be perfectly valid, and such as the courts
will fully enforce, even although no grantee whatever be
named therein.   This distinction grows out of the necessi-
ties of the case, and has always been recognized by the
courts.   In the case of *City of Cincinnati v. Lessees of
White*, 6 Pet. 431, this rule was announced, and a large
number of cases cited to sustain the same.   Before this de-
cision there had been some claim that, although such rule
existed as to streets and highways, it did not exist as to
grants to the public for other uses.   The court, however,
refused to recognize any such distinction, and applied the
rule to a public use similar to that sought to be conferred
in the case at bar.   This same doctrine was again an-
nounced by the supreme court of the United States in *New
Orleans v. United States*, 10 Pet. 662;  by the supreme court
of Ohio in *Brown v. Manning*, 6 Ohio, 298;  and by the su-
preme court of Illinois in *Maywood County v. Village of*

*Maywood*, 118 Ill. 61 ( 6 N. E. Rep. 866). In the latter case a dedication to the public was sustained, though the grantee to hold the title for the benefit of such public did not have an existence until about ten years after the date of the dedication.

Such being the rule as to dedications to public use, it follows that if the deed in question can be construed as such dedication, instead of as a private grant, it can be sustained, though at the time of its execution there was no grantee to take the title. In determining this question the intention of the parties must control. What was the intention of the grantors in making said deed? We think it was to dedicate to the public the land in question for its use as a park, and the supposed incorporation was made the nominal grantee as an aid in the accomplishment of the purpose of the dedication. The principal thing in the mind of the grantors was not as to the particular incorporation which represented the public, but the public itself. And the grant would, under the circumstances, have had full effect at the date of the execution of the deed had there been no conditions attached to the dedication. But there being conditions which required action on the part of the representatives of the public, the grant could not take full effect until the public had so organized that it could bind itself to the performance of the conditions required on its part by the terms of the grant; and as soon as the public had thus organized, and the organization had acted, the dedication became fully effectual. In what we have said above we have given no weight whatever to the fact that there was a corporation in form answering the description of the grantee in the deed, and that the present incorporation might be held to be substantially the successor in interest of such incorporation. There might be a grave question as to whether or not, under all the circumstances of this case, appellants could attack the capacity of the grantee which they them-

selves had named.    But this question is of no importance
in view of the conclusion to which we have arrived as above
stated.    In our opinion, the deed was, in effect, a dedica-
tion to the public; that the public to whom it was dedicated
is now represented by the city of Puyallup; that said city,
as the representative of such public, has sufficiently com-
plied with the conditions of the dedicatory grant, and that
the same is of full force and effect.

The decree of the lower court must be affirmed.

DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ.,
concur.