OF

## THE STATE OF IOWA

AT

## DES MOINES, OCTOBER TERM, A. D. 1897,

AND IN THE FIFTY-FIRST YEAR OF THE STATE.

---

E. K. Brown, Appellant, v. George Taber.*

Dedication by Plat: VACATION: *Acceptance.* Where the owners of land which had been dedicated as a street in the plat of an addition to a city had disposed of none of the abutting lots, and such dedication had not been accepted by the city, they had the right to vacate such street, under Code 1873, section 564, authorizing such vacation of any part of a plat, provided it does not affect the rights and privileges of other proprietors in such plats.

Title to streets adjoining: *Construction of statute.* Where a "street" as platted was vacated, under Code 1873, section 564, a proportionate part thereof did not become a part of each of the abutting lots, by virtue of section 565, authorizing the proprietors of vacated *lots* to inclose a proportionate part of the adjoining street, and section 567, providing for the re-platting of such lots, as such sections relate only to the owners of "lots" which have been vacated.

| 103 | 1 |
| 105 | 203 |
| 103 | 1 |
| 106 | 388 |
| 103 | 1 |
| 120 | 544 |
| 103 | 1 |
| 125 | 137 |
| 103 | 1 |
| 130 | 601 |
| 103 | 1 |
| 134 | 163 |
| 134 | 432 |
| 103 | 1 |
| 135 | 363 |
| 103 | 1 |
| 142 | 493 |

*The figures on the left of the syllabi refer to corresponding figures placed on the margin of the case at the place where the point of the syllabus is decided.

SAME: *Deeds.* Under Code 1873, section 559, providing that descriptions of lots according to the number and designation thereof on the plat shall be deemed sufficient for the purposes of conveyances thereof, and section 561, declaring the acknowledgment and recording of such plat equivalent to a deed in fee simple of lands therein set apart for streets and other public uses, a deed describing the lands thereby conveyed as lots, by numbers as designated in the plat, included only the several parcels so specified therein; as such reference to the lots by numbers, in the deed, had the effect identical with describing them by metes and bounds as delineated on the plat, and therefore included no portion of a vacated street on which they abutted, but to which no reference was made in the deed.

Quieting Title: COMMON SOURCE. Where both plaintiff and defendant claim title to land under a common grantor, it was sufficient to prove its derivation from him, without tracing his title back to the government.

*Appeal from Hardin District Court.*—HON. S. M. WEAVER, Judge.

THURSDAY, OCTOBER 7, 1897.

ACTION to acquire title to a vacated street between outlot 3 and block 7 in the Railroad addition to Eldora. Decree for defendant, and plaintiff appeals.—*Reversed.*

*Albrook & Lundy* for appellant.

*Chas. L. Hays* for appellee.

LADD, J.—The land platted belonged to C. C. and Abbie W. Gilman. The plat was filed in June, 1877, and that portion known as "Hammond street," was by them vacated in December following. In the meantime, none of the abutting lots had been conveyed, and no evidence was offered tending to show that the dedication of the street had been accepted. The title thereto did not vest in the city without acceptance. *City of Waterloo v. Union Mill Co.,* 72 Iowa, 437; *Incorporated Town of Cambridge v. Cook,* 97 Iowa, 599; *Manderschid v. City of Dubuque,* 29 Iowa,

73; *Bell v. City of Burlington*, 68 Iowa, 296; *Johnson v. City of Burlington*, 95 Iowa, 197; *Taraldson v. Town of Lime Springs*, 92 Iowa, 187; Code 1873, section 527; *Laughlin v. City of Washington*, 63 Iowa, 652. As the conveyance was not accepted, the proprietors of the plat remained owners of the land included in the street, and, having disposed of none of the abutting lots, were free to vacate it, under the provisions of section 564 of the Code of 1873. After vacating the street, it was conveyed by Gilman and wife to Hardin, and then to John Hall, and also by Hardin to Hall. The defendant urges that this evidence was offered by him, and that the plaintiff failed to trace his title back to the government. A sufficient answer to this complaint is, that both parties claim under Hall, and it was quite enough to prove derivation from him, without proving his title. 2 Greenleaf, Ev., 307; *Cooley v. Brayton*, 16 Iowa, 10; *Byers v. Rodabaugh*, 17 Iowa, 53.

II. The conveyance from Hall to plaintiff includes the vacated street, and, unless the description in the deed from Hall to King, some months previous, transferred the title to the latter, the plaintiff is owner of the land in controversy. As defendant only obtained the interest King took, his deed need not be considered. Lots 1, 2, 3, and 4 constitute block 7, which lies northwest of Hammond street, and outlot 3 to the southeast; and these are the only abutting lots. The description in the deed to King simply mentions the number of these lots, without specific reference to the vacated street. It is insisted that a proportionate part of the street became a part of each lot, and passed with it to King. Sections 565 and 567 of the Code of 1873 are relied on. These relate distinctly to the owners of lots vacated. When vacated, the force and effect of the execution and recording of that part

of the plat is destroyed. Sections 563, 564. Section 567 only provides for re-platting, and what shall be included in such event. The lots, having been vacated, and the proportionate part of the street, may be platted and numbered again for convenience in conveying and assessing the property. If the previous numbers were retained, and the proportionate part of the street becomes part of the lot, this would be entirely unnecessary. Here the lots have not been vacated, and in determining what a deed of them by number conveys, it becomes important to consider the purpose in platting land. Section 559 requires this to be done with reference to some known or permanent monuments, and to "accurately describe all the sub-divisions of such tract or parcel of land, numbering the same by progressive numbers, and giving the dimensions and length and breadth thereof, and the breadth and courses of all streets and alleys established therein. Descriptions of lots or parcels of land in such subdivisions according to the number and designation thereof on said plat contained, in conveyance, or for the purposes of taxation, shall be deemed good and valid for all intents and purposes." The reference to lots by number thus becomes as definite and certain as though described by metes and bounds. The width and length and the exact location is thereby fixed to a certainty. The same is true of the street, as the acknowledgment and recording of the plat "is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets or other public use." Section 561. That Hammond street was vacated before its acceptance did not change the definiteness with which the boundaries of the street were fixed in the plat, nor obliterate any of the lines. It remained as specifically located and described on the plat as the abutting lots. The only effect of vacating was to withdraw it from

the public use. In the words of Lowe, C. J., in *Milburn v. City of Cedar Rapids*, 12 Iowa, 246: The lots are "designated by numbers, and it is simply by these numbers that they are conveyed, as they are known to represent the particular lot, with its specific boundary as represented on the map. Under such circumstances there is no room to indulge in the presumption that the purchaser takes any more land than is contained within the defined lines of the lot." Referring to the lots by number in the deed, had the effect identical with describing them by metes and bounds as delineated on the plat. Their boundary lines were those of the vacated street, and the deed conveyed to King only the land included within such lines. See *Chicago Lumber Co. v. Des Moines Driving Park*, 97 Iowa, 25; *Burbach v. Schweinler*, 56 Wis. 386 (14 N. W. Rep. 449). As the vacated street was a distinct parcel of land, it seems hardly necessary to say that it did not pass as incident or appurtenant to the lots. *Jackson v. Hathaway*, 8 Am. Dec. 263; *Mendel v. Whiting*, (Ill. Sup.) 31 N. E. Rep. 431; *Harris v. Elliott*, 10 Pet. 25; *O'Linda v. Lothrop*, 21 Pick. 296; *Ammindown v. Bank*, 8 Allen, 285.

III. The defendant claims there was an oral conveyance to King, or at least a mistake by which the street was omitted from the deed. The evidence offered by him, however, fails to sustain such contention. It rather tends to show that King must have bought with knowledge that he was not obtaining the vacated street. True, he took possession of it, but this alone, does not establish a purchase. Nor will the mere inference of a witness be sufficient for that purpose. Higginbotham does not pretend to have heard the bargain, or to testify to any of its details.— REVERSED.