104    59
105   204

## S. D. SARVER v. THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

**Railroads: KILLING STOCK.** The mere fact that a portion of a right of way of a railroad company adjacent to a highway is outside the cattle guard and fences, does not justify a presumption that such land was used for highway purposes.

**DEDICATION AND ACCEPTANCE.** The fact that a railway company has left a portion of its right of way adjacent to a highway unfenced is not a dedication thereof, unless there has been an acceptance; and it is held that the facts at bar show an acceptance by travel.

*Same.* A railway company failing to fence a portion of its right of way adjacent to a highway, which portion has not been used for highway purposes, and which it had a right to fence, is, under Code 1873, section 1289, liable for the value, and, in case of failure to pay the actual value within thirty days after notice given, for double the value, of stock killed on such portion.

**Appeal: CERTIFICATE.** On a motion to dismiss appeal, submitted on certificate, the certificate may be somewhat liberally construed to avoid dismissal.

*Appeal from Monroe District Court.*—HON. F. W. EICHELBERGER, Judge.

### FRIDAY, DECEMBER 17, 1897.

ACTION at law to recover double the value of four pigs alleged to have been killed by a train of the defendant at a point on its railway where it had the right to fence, but had failed to do so. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*T. B. Perry* for appellant.

*D. M. Anderson* and *J. T. Clarkson* for appellee.

ROBINSON, J.—This action was commenced in justice's court, and an appeal from the judgment rendered by that court was taken to the district court. The amount in controversy is but twenty-four dollars, and the cause is submitted in this court on a certificate of the trial judge.

I. The appellee has filed a motion to dismiss the cause on the ground that the judge's certificate is not sufficient to give this court jurisdiction to determine the case on its merits. The certificate is certainly not a model one. The appellant has made two attempts to state the question of law certified, and each time has stated a mixed question of law and fact, and the appellee states a third question as the one contained in the certificate. Moreover, the argument of the appellant is largely devoted to alleged facts not set out in the certificate. We are of the opinion, however, notwithstanding this confusion of theories, that the certificate, if somewhat liberally construed, may be said to set out a question of law which this court should determine, and the motion to dismiss is therefore overruled.

II. The certificate shows the following facts: A public highway, at the place of the accident in question, is sixty-six feet in width, and was located before the year 1854, and has been traveled by the public since that time. In the year 1867 the defendant constructed its road southwestward across, and at right angles with, the highway, and at the time of the accident it had double tracks at the place in question, and cattle guards which extended across both tracks. The cattle guards were at right angles with the track, and extended nine feet along the line of the railroad. Wing fences from the right of way fences connected with the cattle guards. The distance between the cattle guards on the opposite sides of the highway, measur-

ing along the north railway track, was seventy-three feet, and the distance between the corresponding wing fences, where they connected with the cattle guards, was eighty-four feet. The east cattle guard was originally located about eighteen feet northeast of the northeast line of the highway, and it is not shown that any objection was made by any road supervisor, or other official or person, to the location of the cattle guard as made. Two of the four pigs in question were killed in the space between the northeast line of the highway and the northeast cattle guard, and the question we are required to determine is, was the defendant liable for stock killed in the space described? The certificate does not show that the space was ever used for highway purposes, and the mere fact that it was outside the cattle guards and fences does not justify the presumption that it was so used, and that it was not is shown by evidence. We thus have a case where a railway company has, by mistake or design, failed for nearly thirty years to inclose all of its right of way which it was entitled to fence, and has so left it that a dedication thereof to the use of the public may be inferred. But a dedication of land for a public use, to be effectual, must be accepted, and an acceptance is not shown by the certificate nor by the record. Section 1289 of the Code of 1873, which was in force when the accident in question occurred, contains the following:

"Any corporation operating a railway that fails to fence the same against live stock running at large at all points where such right to fence exists, shall be liable to the owners of any stock injured or killed by reason of the want of such fence, for the value of the property or damage caused, unless the same was occasioned by the willful act of the owner or his agent." It also contains a provision for the recovery of double the value of the stock killed or damages caused

thereto in case of the failure of the corporation to pay the actual value of the stock killed, or damages caused thereto, within thirty days after the statutory notice has been given it. The statute made the defendant liable for the stock killed under the facts stated in the certificate. See *Andre v. Railroad Co.*, 30 Iowa, 107; *Mundhenk v. Railroad Co.*, 57 Iowa, 718. In the case of *Soward v. Railroad Co.*, 33 Iowa, 386, relied upon by appellant, it appeared that the railway company had constructed a fence across a legally established highway, and had made a crossing from one hundred and fifty to two hundred and fifty feet west of the legally established highway. It appears that before the railway was constructed, at certain seasons of the year and when the ground was wet, the travel was not on the highway at the point where the railroad afterwards crossed it, but at the point where the crossing was made, and the public had used that crossing more than two years when the animals in controversy in that case were killed. Therefore there was evidence of a dedication of the crossing by the railway company and an acceptance by the public. *State v. Birmingham*, 74 Iowa, 410. It is true the crossing made in the Soward Case was more than sixty-six feet in width, but that fact does not appear to have had any effect in the decision of the case. The case of *Knowles v. City of Muscatine*, 20 Iowa, 248, also cited by the appellant, did not involve the question which is controlling in this case, and is not in point. We conclude that the question involved in the certificate must be answered in the affirmative, and the judgment of the district is AFFIRMED.