THE MINNEAPOLIS & ST. LOUIS R. R. COMPANY, Appellant, v. THE INCORPORATED TOWN OF BRITT et al.

**Statutory Dedication.** The execution, acknowledgment and record of a plat of land on which certain streets are designated, will not constitute a valid dedication of the land where the plat does not give the length or breadth of either the lots or blocks and gives the width of only a few of the streets, except that it is stated thereon that it is drawn on a scale of one inch to one hundred and twenty feet and the initial point of the survey cannot be ascertained without going to another survey which is not in the record, under Code, 1873, section 559, requiring such plat to accurately describe all the subdivisions of the tract and the breadth and courses of all streets and, section 561, providing that such plat when acknowledged and recorded is equivalent to a deed in fee simple of such parts of the land as are set apart for streets.

SAME. An incompetent or defective statutory dedication of land for streets may be sustained as a common law dedication if the streets marked on the plat can be located with sufficient certainty and if there has been an acceptance by the public.

REVOCATION: *Acceptance.* An attempted dedication of land for streets by executing, acknowledging and recording a plat of a tract of land in accordance with Code, 1873, sections 559, 561, which is inoperative under the statute because of defects in the plat may be withdrawn by the donor at any time before acceptance by the public.

*Same.* An attempted dedication of land for streets by executing, acknowledging and filing a plat of the same as provided by Code, 1873, sections 559, 561, which is inoperative because of defects in the plat is revoked by the execution by the grantor, before the acceptance by the public, of a deed including the land designated as streets without any reservation.

LICENSE: *Revocation.* A railway company which has provided a crossing at a place where its road is crossed by a street attempted to be dedicated to the public and which has dedicated so much of the street as is used for travel cannot exclude the public from the use of the crossing after it has acquiesced in such use for more than fifteen years.

*Appeal from Hancock District Court.*—HON. P. W. BURR, Judge.

SATURDAY, APRIL 9, 1898.

SUIT in equity to quiet title to certain land used by the plaintiff as a right of way and depot grounds within what is now the incorporated town of Britt. The town answered, denying the ownership in plaintiff of certain strips of land crossing the said right of way and depot grounds; claiming that these strips were dedicated to and accepted by the town and the public as streets and alleys. The trial court quieted plaintiff's title to certain parts of the land, but, as to other parts of it, held that it constituted a part of the streets and alleys dedicated to the public, and that plaintiff had no interest therein. Both parties appeal. As plaintiff first perfected its appeal, it will be called appellant.—*Modified.*

*R. M. Wright* and *H. M. Bush* for appellant.

*Ripley & Kelly* for town of Britt.

DEEMER, C. J.—On the tenth day of January, 1879, John E. Anderson and wife made what purports to be a

plat of certain lands in Hancock county, calling the same "Anderson's Second Addition to the Town of Britt." Thereafter, and on the tenth day of June, 1880, one Lattimore made a plat of lands immediately adjoining the Anderson tract, on the east. On the seventh day of September, 1880, Anderson and wife conveyed, by metes and bounds, and without reservation, a strip of land running from northeast to southwest through his said second addition, to appellant's grantors. This strip crosses what are designated upon the so-called Anderson plat as Hancock, Water, and another unmarked strip of land, called in the record, for the purpose of identification, "X" street, running north and south, and Seventh, Eighth, and Ninth streets running east and west. The Lattimore plat recognizes and dedicates the ground occupied by the appellant for its right of way and depot grounds, and no controversy exists as to any part of the land covered thereby, save a small portion in what is called "X" street. This action is to quiet plaintiff's title to the so-called streets and alleys covered by the Anderson plat, which cross its right of way and depot grounds. The trial court quieted plaintiff's title in so far as it relates to Seventh street, and that part of the unnamed street between Water street and Grant street, where the same crosses the right of way, except that the crossing, as now used by the public, across said right of way along and across Eighth street, and from the southwest corner of the depot platform, be kept open by the plaintiff, as it is now traveled and used. It further decreed that the other streets in controversy, to-wit, Hancock street, Water street, Eighth street, and Ninth street, are public highways, with the right of the public to pass across and over plaintiff's right of way and depot grounds where said streets

cross the same.   From what we have said, it is apparent that if the plat made by Anderson and wife operated, in itself, or by reason of the acceptance of any dedication of lands therein to the public, as a transfer of the title to such lands, then appellant is not entitled to the relief prayed, unless by reason of estoppel or adverse possession.   The first question which arises, then, is, was there a sufficient dedication of these so-called streets to the public? Appellant argues that there was not a sufficient statutory dedication, and that the claim of common-law dedication is not sustained, because no evidence of acceptance is shown.   The statutory requirements with reference to plats are as follows:   Section 559, Code 1873: "The   *   *   *   owner   *   *   *   of any tract or parcel of land   *   *   *   who shall hereafter subdivide the same   *   *   *   shall cause a plat of such subdivision, with references to known or permanent monuments, to be made, which shall accurately describe all the subdivisions of such tract or parcel of land, numbering the same by progressive numbers and giving the dimensions and length and breadth thereof, and the breadth and courses of all streets and alleys established therein."   Section 560 of the same Code provides for the signing, acknowledging, and recording of such plats; and section 561 says, in substance, that the acknowledgment and recording of such a plat is equivalent to a deed in fee simple of such portions of the premises platted as are set apart for streets or other public use.   The Anderson plat names the streets, and numbers the lots and blocks.   The surveyor who made the plat also certifies that the subdivision is situated upon a certain forty acres of land; that the streets are laid out at right angles, running eleven degrees, thirty minutes north; that the initial point of the survey is the

center of a street at the southwest corner of a forty acres immediately adjoining the platted tract upon the north, which was surveyed and subdivided at a prior date; and that the plat is drawn on a scale of one inch to one hundred and twenty feet. In his statement, Anderson says that the plat is a subdivision of parts of the forty acres covered thereby, and that he platted the same, and dedicated the streets and alleys, as shown on said plat. There is no reference to known and permanent monuments, except as stated; nor does the plat give the length or breadth of either the lots or blocks. The width of Hancock and Water streets is given as sixty-six feet, but the width of Seventh, Eighth, Ninth, and the so-called X street, is not given. There is no description of the subdivisions of the tract, except as stated. The initial point of the survey cannot be ascertained without going to another survey, said to have been made in 1878, but which is not in the record, and which is not referred to, except as stated. A substantial compliance with the provisions of the statute before quoted is all that is required, yet so many defects are apparent in this plat and survey that we do not think it has the effect to vest in the public a fee-simple title to what appears to be intended as streets. The only means of knowing the breadth of most of the streets in controversy, and, indeed, the only way in which to determine the exact location or size of any lot or block or alley, is by reference to the scale, which says that the plat is drawn on the basis of one inch to one hundred and twenty feet. Such a reference is too indefinite to constitute the basis for a conveyance of land. The variation of one-twelfth of an inch means a difference of ten feet in the dimensions of a lot or the breadth of a street. Surely this is not a substantial compliance with the statute. *Village of Winnetka v. Prouty,* 107 Ill. 218; Elliott, Roads & S. p. 85. The case of *Taraldson v.*

*Town of Lime Springs*, 92 Iowa, 187, upon which appellee relies, is not in point, for the reason that the dimensions of the various subdivisions of the plat, and the breadth of the streets and alleys, were all accurately given. As there was no statutory dedication, we look to see if there were such acts and conduct on the part of Anderson and the public as to amount to a dedication at common law. An incompetent or defective statutory dedication may be sustained as a common-law dedication if the streets and alleys marked on the defective plat can be located with sufficient certainty; and acceptance by the public is shown. But such a dedication, even if made with requisite accuracy, may be withdrawn by the donor at any time before acceptance by the public. Acceptance is essential to the establishment of such a street, although perhaps not necessary to a statutory dedication,—a point, however, that we do not decide. But see *Brown v. Taber*, 103 Iowa, 1. The deed to appellant's grantors amounted to a revocation of the attempted dedication, and will prevail, unless it be shown that the public accepted the dedication before the deed was made. As said in the case of *Incorporated Town of Cambridge v. Cook*, 97 Iowa, 599, "There must be an acceptance of a dedication of lands for public purposes, and, while slight evidence is sufficient, yet, some showing is quite as essential as evidence of the dedication itself." That Anderson intended, when he made the plat, to dedicate some of his lands designated as streets, to the public, is plain, but the exact location of such land cannot be ascertained from the plat itself.

Extrinsic evidence is necessary to definite identification. Assuming that there is sufficient evidence of use and travel by the public to locate the so-called streets, on either side of plaintiff's depot

grounds and right of way, yet there is no evidence whatever of any use of these streets, either across appellant's land, or at any other place, before the delivery of the deed to appellant's grantor. As no acceptance of the dedication before the making of this deed is shown, it follows that there was a revocation of so much of the plat designating the streets as is covered by the deed, and that appellant is entitled to a decree quieting its title to all of the land, except it be to that part reserved to the public in what is known as "X" and Seventh streets. It appears from the evidence that the part of these streets so reserved has been used by the public, with the knowledge and acquiescence of the railway company, for more than fifteen years. The railway company has provided a crossing at this place, and has evidently dedicated so much of it as has been and is now used for travel. Appellant does not seriously contend that this part of the decree is wrong. In any event, it is not justified in excluding the public from the use of this crossing. See *Sarver v. Railroad Co.*, 104 Iowa, 59. The district court was in error in denying appellant relief as to Hancock, Water, Eighth, and Ninth streets, and its decree in that respect will be reversed.

The town appeals from the decree denying it relief as to the whole of Seventh and X streets. It will be observed from what has already been said that it is not entitled to a more favorable decree than was rendered, and as to it the decree will be affirmed. On plaintiff's appeal, MODIFIED AND AFFIRMED. On defendant's appeal, AFFIRMED.