[No. 11533.   Department One.   June 30, 1914.]

ARDEN L. SMITH *et al.*, *Appellants*, v. KING COUNTY *et al.*,
*Respondents.*[1]

HIGHWAYS — VACATION — BY ABANDONMENT — USE—SUFFICIENCY.
Streets in a plat outside of an incorporated town are not opened for
public use within the space of five years after the filing of the plat,
within Rem. & Bal. Code, § 5673, vacating such streets, where, during
such time, the travel was only casual and intermittent and by foot
paths through brush and stumps to reach a camping place without
reference to the dedicated way.

DEDICATION—VACATION OF STREETS—ABANDONMENT—DEED AS IRREV-
OCABLE DEDICATION.   Upon an issue as to the vacation of a street
in an unincorporated town by failing to open the same within five
years after the filing of the plat, conveyances of certain lots and
blocks by reference to the plat do not operate as an irrevocable ded-
ication of the streets, where the purchasers were not parties to the
litigation and their rights could not be affected by the result.

ESTOPPEL—PARTIES ENTITLED TO CLAIM.   An estoppel operates
only in favor of those who have been misled to their injury, and they
alone can set it up.

DEDICATION—VACATION OF STREETS—ABANDONMENT—DEED AS RE-
DEDICATION—REVOCATION THEREOF.   Where streets in an unincorpo-
rated town were vacated by abandonment, a deed of general warranty
subject to all easements, rights and privileges granted to the public
by the plat and dedication thereof, does not operate as a rededication
of the streets, since the easements therein had been extinguishd
by operation of law; especially where, twenty days later, the
grantees acquired title by a deed of general warranty without any
exception clause; since any implied easement would be thereby re-
voked.

Appeal from a judgment of the superior court for King
county, Smith, J., entered April 19, 1913, upon findings in
favor of the defendants.   Reversed.

*G. E. de Steiguer* and *R. E. Thompson, Jr.*, for appellants.
*John F. Murphy* and *Samuel Morrison*, for respondents.

[1]Reported in 141 Pac. 695.

GOSE, J.—On April 16, 1890, Lillie R. Parker and William E. Parker, being the owners of a tract of "logged-off" land, in King county, then and now without the limits of any incorporated city or town, platted the same as Bryn Mawr. The plat contains sixty-two blocks. The property involved in this controversy lies within the heavy lines shown upon the annexed plat, and embraces all of Lake avenue between the north line of Emerson avenue and the south line of Bryant avenue, and that part of Carlysle avenue lying east of the railway line.

On August 29, 1905, the Bryn Mawr Land Company, being then the owner of practically all of the lands embraced in the plat of Bryn Mawr, conveyed to the appellant Arden L. Smith, by deed of general warranty, by metes and bounds, all the land embraced in the plat lying between the meander line of Lake Washington and the line of the Seattle, Renton & Southern railway, and between the north line of Emerson avenue and the south line of lot 4, block 5, of Bryn Mawr, as shown upon the plat.

On the first day of August, 1912, the plaintiffs commenced this action, alleging that the portions of the platted streets included in their deed have remained unopened for public use ever since the filing of the plat, a period of more than twenty-two years, and that the defendants King County and its board of county commissioners were then threatening and preparing to destroy the plaintiffs' fences inclosing the premises, and to appropriate the land involved to the use of the county as a public highway, and asking for an injunction. Issues were joined and a trial had, terminating in a judgment in favor of the defendants. The plaintiffs prosecute an appeal.

The appeal presents three principal questions: (1) Were the streets involved opened for public use within a space of five years after the filing of the plat on April 16, 1890? (2) If not, did certain deeds executed in 1903 and 1904, conveying lots and blocks in accordance with, and by express reference to, the plat, operate as an irrevocable dedication of the streets? And (3) did a certain clause in the deed from the Robertson Mortgage Company to the Bryn Mawr Land Company, executed August 9, 1905, operate as a rededication?

In respect to the first question, little need be said. Practically all of the evidence is that the only travel upon Lake avenue and Carlysle avenue east of the railroad track, from the time of the filing of the plat until subsequent to the time the appellant acquired the property involved, was casual, intermittent, and inconsequential. This is shown, not only by testimony coming from the mouths of witnesses, but by photo-

graphs which were introduced in evidence which show stumps, logs and brush in the avenue. Certain of the respondents' witnesses testified to re-staking and brushing out the property in controversy some time in 1903. The testimony is that they found brush, stumps, and logs in the streets. The testimony shows that a part of Lake avenue and the property designated on the plat as "Park" were used for many years as a camping ground, and that the travel followed winding foot paths which ran promiscuously without reference to the streets. The Seattle, Renton & Southern railroad was built in 1896, and campers who got off the car at Carlysle avenue went to their camping grounds along these paths.

Our statute, Rem. & Bal. Code, § 5673 (P. C. 441 § 83), declares that any county road or part thereof which has been authorized, which remains unopen for public use for the space of five years after authority is granted for opening the same, shall be vacated. In *Murphy v. King County*, 45 Wash. 587, 88 Pac. 1115, we held that the statute applies to streets without the limits of incorporated cities or towns. In *Hagen v. Bolcom Mills*, 74 Wash. 462, 133 Pac. 1000, 134 Pac. 1051, we said that, when the vacation occurs by operation of law or otherwise, the land is freed from the easement as completely as though it had never existed, and that the owner of the soil has an absolute title to the same. In *Humphrey v. Krutz*, 77 Wash. 152, 137 Pac. 806, we held that an offer of dedication may be accepted by a public user. A statutory dedication of streets to a public use is merely a tender of a servitude or easement to the public which the public is at liberty to accept or reject. *Scott v. Donora Southern R. Co.*, 222 Pa. St. 634, 72 Atl. 282. In *Cheney v. King County*, 72 Wash. 490, 130 Pac. 893, we said that casual and intermittent travel by foot paths or otherwise over a dedicated way is insufficient to constitute an opening of the way for public use such as the statute contemplates. We conclude that the streets were not open for public use within the space of five years after the filing of the plat of dedication. *Maggs v.*

*Seattle,* 74 Wash. 323, 133 Pac. 388. We have not over-looked *Brokaw v. Stanwood,* 79 Wash. 322, 140 Pac. 358, which is based upon facts so essentially different from the facts under review, that further comment is unnecessary.

The second inquiry presents a two-fold aspect: (a) Upon objection by counsel for respondents, the court rejected that portion of the abstract of title showing the conveyances made in 1903 and 1904, describing the property conveyed in accordance with the plat; and (b) the purchasers are not parties to this litigation and their rights cannot be affected by the result. Their rights, if any, depend upon the doctrine of estoppel. Moreover, they or their successors in title may have since compromised or lost the right so acquired. These questions we are not called upon to consider or decide. The estoppel, if any, operates only in favor of those who have been misled to their injury, and they alone can set it up. *Norfolk v. Nottingham,* 96 Va. 34, 30 S. E. 444.

The respondents rely upon *Boise City v. Hon,* 14 Idaho 272, 94 Pac. 167; *City of Corsicana v. Zorn,* 97 Tex. 317, 78 S. W. 924, and *Poudler v. City of Minneapolis,* 103 Minn. 479, 115 N. W. 274. These authorities announce the rule that, where the owner sells lots or blocks in accordance with and by express reference to a plat, the plattors and their grantees are estopped to deny the legal existence of such streets as are described in the plat, and that there is no distinction between the rights of the grantee who purchased according to the plat and the rights of the public generally, in respect to the streets thus dedicated. We think the Virginia case announces the better rule. Moreover, the cases relied upon by the respondents arose out of litigation over streets in cities. Let us turn the question around and suppose that some one had been injured while traveling upon Lake avenue and had sued the county, alleging that fact and alleging that the county had not used reasonable care in maintaining the street in a reasonably safe condition for travel. Upon the record, no court would permit or sustain a recovery. There

is no pretense that the county or its official representatives
did any work upon the property or took any action looking
to an acceptance of the streets involved, until a few days be-
fore the commencement of this action in 1912.

The third contention is that the conveyance from the Rob-
ertson Mortgage Company to the Bryn Mawr Land Com-
pany, the appellants' immediate grantor, on August 9, 1905,
contains a clause which operates as a rededication. The deed
is a general warranty "subject to all easements, rights and
privileges conferred or created or granted to the public or
otherwise, by said plat of Bryn Mawr and the dedication
thereof." The obvious purpose of this clause was to except
from the warranty, as the exception states, those easements
which were created or granted by filing the plat of dedica-
tion. As we have seen, these easements had become extin-
guished by operation of law. Moreover, twenty days later,
the appellants acquired title by a deed of general warranty
without any exception clause. Between these dates, nothing
occurred which would prevent the owner from revoking any
implied easement created by the deed of August 9. It seems
clear, first, that there was no intention to rededicate by the
deed of August 9; and second, if, by any strained or forced
construction, such effect could be implied, the dedication was
revoked by the deed to appellants twenty days later. A ded-
ication of land to the use of the public, whether express or im-
plied, may be revoked at any time before it has been accepted.
*Norfolk v. Nottingham, supra.* It has also been held, and
upon sound ground, that a conveyance of an unaccepted
street or highway revokes the dedication. *Minneapolis &
St. L. R. Co. v. Town of Britt,* 105 Iowa 198, 74 N. W. 933;
*Clendenin v. Maryland Const. Co.,* 86 Md. 80, 37 Atl. 709;
9 Am. & Eng. Enc. Law (2d ed.), 78. It may also be re-
voked by applying the highway to any permanent use incon-
sistent with the purpose of the dedication. *Trerice v. Bar-
teau,* 54 Wis. 99, 11 N. W. 244; *Lee v. Eake,* 14 Mich. 11;
*Field v. Village of Manchester,* 32 Mich. 279.

Upon the entire record, we are constrained to hold that the learned trial court was in error in concluding that any part of the property in controversy is a public highway. The judgment is reversed, with directions to enter a decree enjoining the respondents from proceeding further.

CROW, C. J., ELLIS, MAIN, and CHADWICK, JJ., concur.