[No. 11905.  Department One.  October 9, 1914.]

THE CITY OF SPOKANE, *Appellant*, v. SECURITY SAVINGS
SOCIETY, *Respondent*.[1]

QUIETING TITLE—EVIDENCE OF TITLE—NECESSITY.  In an action to quiet title, plaintiff must recover on the strength of his own title, and not on the weakness of that of his adversary.

DEDICATION—ACCEPTANCE—NECESSITY — REVOCATION.  Dedications by deed of property to a village and later to a city, for the uses of a public park, are revoked, where there was no acceptance, either formal or by user, and the intention not to accept was shown by the levy and collection of taxes by the city and the property was finally sold at a tax foreclosure sale.

SAME — CONDITIONS — ACCEPTANCE — NECESSITY.  A dedication by deed to a city for a public park, with conditions requiring action by the city, does not become effective until accepted by the city.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered October 9, 1913, dismissing an action to quiet title, after a trial on the merits to the court.  Affirmed.

*H. M. Stephens, Wm. E. Richardson, Ernest E. Sargeant,* and *Dale D. Drain,* for appellant.

*P. C. Shine* and *Post, Avery & Higgins,* for respondent.

GOSE, J.—In this action, the plaintiff, the city of Spokane, seeks to quiet its alleged title to certain property.  It alleges in its complaint that it is the owner of the property for the use of the public as a public park and pleasure ground.  The defendant joined issue upon the allegation of ownership, and alleged title in the defendant through certain tax foreclosure proceedings.  The defendant prevailed below.  The plaintiff has appealed.

It is admitted that the property in controversy is vacant and unoccupied.  The appellant bases its claim upon two deeds, one of date June 3, 1889, recorded June 14 following,

[1]Reported in 143 Pac. 435.

executed by H. M. Belt and others, and the other of date the 18th day of October, 1901, executed by the Ross Park Investment Company, a corporation, the successor in interest of the grantors in the first deed. In the deed of June 3, it is recited that the grantors "hereby grant, release, dedicate and confirm" unto the village of Ross Park "an easement in and a right to use forever" the property described in the deed, being a portion of the property in controversy. The deed further recites that the property shall be held by the grantee for proper public uses and purposes "as a park or pleasure ground," but that the grantee shall not sell, transfer, convey, lease, or use the land or any part of it for buildings or quarry, but may plant trees and flowers and make walks and otherwise beautify and adorn it; provided,

"That the fee in said land shall be and remain in said first parties, their executors, administrators, and assigns forever, with full and exclusive power to use and navigate said river [meaning the Spokane river] and to erect and maintain wharves, landings or piers upon said land at such place or places as said first parties may see fit, and also to erect and maintain suitable stations or waiting rooms upon said grounds for the accommodation of the public and any street car, cable or other line of public conveyance  .  .  .  the intention being to grant and dedicate to the said village of Ross Park the use and enjoyment of said land for such purposes only as shall not be inconsistent with the reservations herein made.  .  .  ."

On the 28th day of February, 1893, the grantors in the first deed conveyed the property involved, with other property, to the grantors in the second deed. The deed of October 18, 1901, to the appellant recites that "the further and principal consideration [is] that the property hereafter described shall be improved, used, maintained, and kept perpetually by the city of Spokane for public park purposes only." After mature consideration of the offer of the second deed, covering a period of about two years, and after the offer had been referred to the committee on judiciary and

legislation, the board of public works and the finance committee, the city, on July 21, 1903, upon the recommendation of the latter committee, ordered the offer to be placed on file, which the city clerk testified meant an indefinite postponement of the offer. The matter rested in this way until the 1st day of March, 1913, when the deed was secured from some unknown source and filed for record without authority from the city and without the knowledge of the grantors or the respondent. On the 24th of March, 1891, the city of Spokane extended its limits over the property.

We need not inquire into the validity of the tax foreclosure proceeding, because it is elementary that the appellant must recover, if it recover at all, upon the strength of its own title and not upon the weakness of its adversary's title. *Brown v. Bremerton*, 69 Wash. 474, 125 Pac. 785. As we have said, it is conceded that the property in controversy is vacant and unoccupied. It is also conceded or not denied that the city has never accepted the tender of dedication, either formally or by public user. In the recent case of *Smith v. King County*, 80 Wash. 273, 141 Pac. 695, we had occasion to consider the legal effect of an unaccepted dedication. We there said that "a statutory dedication of streets to a public use is merely a tender of a servitude or easement to the public which the public is at liberty to accept or reject." We also said:

"A dedication of land to the use of the public, whether express or implied, may be revoked at any time before it has been accepted. *Norfolk v. Nottingham, supra.* It has also been held, and upon sound ground, that a conveyance of an unaccepted street or highway revokes the dedication. *Minneapolis & St. L. R. Co. v. Town of Britt*, 105 Iowa 198, 74 N. W. 933; *Clendenin v. Maryland Const. Co.*, 86 Md. 80, 37 Atl. 709; 9 Am. & Eng. Ency. Law (2d ed.), 78. It may also be revoked by applying the highway to any permanent use inconsistent with the purpose of the dedication. *Trerice v. Barteau*, 54 Wis. 99, 11 N. W. 244; *Lee v. Lake*, 14 Mich. 11; *Field v. Village of Manchester*, 32 Mich. 279."

That case is controlling here.

The view that one who offers to dedicate property to the public may revoke the offer at any time before acceptance by the public, either in a formal way or by actual user, and that a conveyance of the property by the dedicator to a third party before acceptance operates as a revocation of the offer to dedicate, is sustained by the following authorities from other jurisdictions: *Lightcap v. Town of North Judson*, 154 Ind. 43, 55 N. E. 952; *City of Anaheim v. Langenberger*, 134 Cal. 608, 66 Pac. 855; *Prescott v. Edwards*, 117 Cal. 298, 49 Pac. 178, 59 Am. St. 186; *Eureka v. Croghan*, 81 Cal. 525, 22 Pac. 693; *Trine v. Pueblo*, 21 Colo. 102, 39 Pac. 330; *Minneapolis & St. L. R. Co v. Incorporated Town of Britt*, 105 Iowa 198, 74 N. W. 933; *Brown v. Taber*, 103 Iowa 1, 72 N. W. 416.

The same view is announced by Elliott on Roads and Streets (3d ed.), § 165. In this case, as we have said, there has been no acceptance by the appellant or by the public, either formal or otherwise. Indeed, it may be said in the absence of such a showing that the levy and collection of taxes by the city shows an intention not to accept the dedication. In *Meeker v. Puyallup*, 5 Wash. 759, 32 Pac. 727, it was held that a grant with conditions requiring action by the public does not become effective until the public has accepted the grant with its conditions.

Appellant relies upon the case of *Meacham v. Seattle*, 45 Wash. 380, 88 Pac. 628. In that case, the opinion shows that there had been an acceptance of the plat by the public. Hence the statement in the opinion that the law then in force did not require an acceptance by the public is dictum. Appellant has also cited cases from other jurisdictions which hold that the owner cannot revoke a dedication even before its acceptance by the public. In the case of *Harrington v. Manchester*, 76 N. H. 347, 82 Atl. 716, cited by the appellant, it is held that an acceptance of a street is presumed "in the absence of some burdensome condition imposed by the

donor." It is not necessary to further pursue the inquiry. The first offer was withdrawn twenty years before the city sought to accept it. The second offer was rejected ten years before the commencement of the action. The case is controlled by *Smith v. King County, supra.*

The judgment is affirmed.

CROW, C. J., CHADWICK, ELLIS, and MAIN, JJ., concur.