Reid v. Board of Education of Edina.

REID, *Appellant*, v. BOARD OF EDUCATION OF EDINA.

1. **The Town of Edina.** The original site of the town of Edina, according to the plat recorded by Wm. J. Smallwood in 1839, was at that time in Lewis county, and not in Ralls.

2. **Town Plats**: DEDICATION TO PUBLIC USE. Under the statute in relation to town plats the mere filing for record of a plat duly acknowledged, vests in the public the fee of land intended to be dedicated to public use. Acceptance by the public is not necessary to complete the dedication.

3. ————: DEDICATION, GENERAL OR SPECIAL? On one of the blocks laid down on a town plat were written the words "Public Square." In an explanatory memorandum attached to the plat, this block was declared to be "public property for the purpose of containing the court house should the town be selected for the county seat," and in a writing in the form of a deed upon the back of the plat, the grantor forever quit-claimed to the county, for public uses, this block, together with the streets and alleys indicated, "according to the within plat or plan of said town, which shall be and remain the property of said county for the purposes aforesaid forever." *Held*, that the block in question was dedicated to general public uses, and not simply to use as a court house square. The erection of a public school building upon it was a legitimate use.

4. **Dedication to Public use, before Emanation of Legal Title from the Government.** If one dedicates land to public use before the issue of a patent by the government, and afterward the patent issues to him, he will hold the legal title thus acquired in trust for the public, and cannot on the strength of it maintain ejectment against the beneficiary. If the dedication be under the statute in relation to town plats, the title will immediately vest, by virtue of the statute, in the public.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Ewing & Hough* and *Hays & Dysart* for appellant.

1.   The filing of the town plat in Lewis county was inoperative, either as a statutory dedication or as a dedication by deed or grant, to vest the fee in Lewis county for the reason:   (1) That the land was situated without the territorial limits of Lewis county.   1 Terr. Laws, 650, 651. (2) The dedication was for the purpose of containing the court house of a county to be, in the future, formed out of territory lying without the limits of Lewis county.   Such a dedication could not take effect, because the future existence of the proposed county was purely speculative, and because the trust was for a purpose wholly foreign to the objects of county organization, and impossible of execution by the county.   Lewis county possessed no power or instrumentality to execute such a trust outside her own borders, and had not the remotest interest in the purposes of the trust.   Such a trust created by dedication, becoming impossible, is void, and the property held in trust reverts to the donor.   *Board of Education v. Inhabitants, etc.,* 18 Ohio St. 221 ; *Hunter v. Middleton,* 13 Ill. 50 ; *State v. Trask,* 6 Vt. 355 ; *Commonwealth v. Fisk,* 8 Met. 238 ; Dillon Munic. Corp., § 515.   Much more is such a trust created by dedication void and inoperative when impossible *ab initio.*   Lewis county could not acquire title to real estate for such a purpose.   " Public use " in the statute must be interpreted as limited to such uses as are embraced within the purposes for which counties are instituted.   The holding by one county of real estate situate without its own boundaries in trust for the site of a court house, or for any other public use, of another county, is certainly alien to the purpose of county government.   A corporation with full corporate

powers cannot hold land for a purpose foreign to its insti-
tution. *Chambers v. St. Louis*, 29 Mo. 578. But counties
have no powers except such as are expressly conferred on
them by statute. They have no power to purchase or hold
land unless it is given them by statute. *Jackson v. Hart-
well*, 8 Johns. 424; *Jackson v. Cory*, 8 Johns. 385; *Riley v.
Rochester*, 9 N. Y. 64; *Nelson v. Madison*, 3 Bissell 244;
*Commissioners v. Mighels*, 7 Ohio St. 109; 3 Pa. St. 133; 22
Wend. 451; Kent, 328; Dillon Munic. Corp., §§ 435 and
10 a; *Ray Co. v. Bentley*, 49 Mo. 242; *Holt Co. v. Harmon*,
59 Mo. 165.

2. The dedication is not a general dedication to pub-
lic use without restriction or limitation, but a dedication
to a particular specified use. The block in question is, by
the plat filed, " declared to be public property for the pur-
pose of containing the court house should the town be
selected for a county seat." This limitation is an insepara-
ble condition and qualification of the dedication. By the
terms of the statute under which the plat was filed, the
filing of a town plat had the effect to vest in the county
the fee for the particular use specified in the dedication,
and none other. The right acquired by the county under
this statute, from a dedication limited to a particular use,
was a mere easement; not an estate in the land but an
easement upon it. The fee vested in the county by virtue
of the statute was not in the land itself, but in the use of
it for the particular purpose specified in the dedication.
The title in fee to the land still remained in the donor, sub-
ject only to the easement of the use by the public for the
purpose specified. *U. S. v. Ill. Cen. R. R. Co.*, 2 Biss. 174;
Washburn Easements, (2 Ed.) 200; Dillon Munic. Corp.,
§ 513. Hence, it is uniformly held, that, in dedication to
a particular use, whether by statute or grant or at common
law, the public acquires no interest without an acceptance
of the dedication and use of the property for the purpose
designated. *Becker v. St. Charles*, 37 Mo. 13; *Lee v. Lake*,
14 Mich. 12; *Commonwealth v. Fisk*, 8 Met. 238; *Parson*

*v. Atlanta University*, 44 Ga. 529; *Mo. Inst., etc., v. How*, 27 Mo. 211; *Brinck v. Collier*, 56 Mo. 160; *City of Hannibal v. Draper*, 36 Mo. 337; *David v. Municipality, etc.*, 14 La. Ann. 872; *Oswald v. Grenet*, 22 Texas 94; *Baker v. Johnston*, 21 Mich. 319; *Harris v. Commonwealth*, 20 Gratt. (Va.) 833; *Lee v. Sandy Hill*, 40 N. Y. 442; *Green v. Chelsea*, 24 Pick. 71; *Harding v. Jasper*, 14 Cal. 647; *Detroit v. Detroit R. R. Co.*, 12 Mich. 333; Washburn on Easements, (3 Ed.) 195; *Niagara F. S. B. Co. v. Bachman*, 4 Lans. (N. Y.) 523; *Trustees, etc., v. Mayor, etc.*, 33 N. J. L. 13.

3.　There was no acceptance of the dedication, or use of the property for the purpose to which the proposed dedication was limited by the plat.　Neither Lewis nor Knox county ever exercised any care or acts of ownership over the block in question for any purpose, from the filing of the plat in 1839 until 1873, over thirty years.　The only act then done was to release the property to the school board and subject it to a use inconsistent with the alleged dedication.　Knox county in 1845 accepted another donation of fifty acres for a seat of justice; laid off the county seat thereon, reserving a public square for the court house, built the court house and jail on the square so reserved, inclosed and improved it, and has ever since occupied it for that purpose.　In the meantime the block in question was left uninclosed and wholly uncared for and was used in all respects as other uninclosed grounds.　The action of both counties amounts to a clear and distinct renunciation of the proposed dedication.　*Dyer v. Sandford*, 9 Met. 395, 401; *Lee v. Lake* and *Commonwealth v. Fisk, supra*; *Liggins v. Inge*, 7 Bing. 682.

*Wilson, Cover & McQuoid* for respondent.

NORTON, J.—This is an action of ejectment brought by James A. Reid to recover possession of block No. 9, in that part of Edina, Knox county, laid out by Wm. J. Smallwood, and at his death revived in the name of the

present plaintiff.  The defense set up is a dedication of the block in question to public use by said Smallwood, by filing in Lewis county, on the 18th day of November, 1839, a town plat, on which the block in question was designated and set apart for public use, and also by a deed endorsed on said plat, purporting to quit-claim the block in question to Lewis county for public use.  The answer also alleges the sale by Smallwood of lots fronting on the block in question for "extra valuable considerations" by reason of the alleged dedication to public use; that said James A. Reid during his lifetime purchased of said Smallwood, and other parties, lots fronting on said block, and always recognized the same as a block dedicated to public use, and sold said lots to various parties with the understanding that said block was a public square dedicated to public use.  It is further alleged in the answer that after the filing of the plat in Lewis county, Lewis county was divided and Knox county organized out of the territory of Lewis county, whereby the title vested in Lewis county by the filing of the plat and deed passed to Knox county; that Knox county was in possession of the block in question from its organization until 1873, when respondents went into possession of said block by consent of Knox county and the town of Edina, and erected thereon improvements of the value of $10,000, and ever since then have occupied it for school purposes.  The reply admits the filing of the plat in Lewis county; but alleges that it had designated thereon and purported to convey to Lewis county the block in question for public use, "for the purpose of containing the court house should the town be selected for a county seat, and not otherwise or for any other purpose;" denies title in Smallwood at the time of filing the plat, and alleges that he did not acquire the title until the 10th day of November, 1841; and denies that Knox county was organized out of the territory of Lewis county.  Upon the trial of the cause in the Macon county circuit court, where it had

been taken by change of venue, judgment was rendered for defendant, from which plaintiff has appealed.

Both parties claim through W. J. Smallwood. Plaintiff claims title by virtue of a sheriff's deed executed in 1866 to James A. Reid, at whose suit by attachment against said Smallwood the block of ground in question had been levied upon in 1860 as the property of said Smallwood and was subsequently sold under a special execution which issued on a judgment rendered in said proceeding. Defendant claims that the title of said Smallwood to said block, long anterior to the levy of said attachment and the sale thereunder, had passed out of him by reason of his having dedicated the same to public use. In support of this claim defendant offered evidence showing that said Smallwood, after having entered at the United States land office the west half of southwest quarter, section 18, township 62, range 11, on the 18th day of November, 1839, laid out on the land so entered, and before the issuance of the patent to him by the government, (which did not occur till 1841,) and platted the town of Edina. On the face of said plat, which was put in evidence, the lots, by size and number, blocks, by size and number, streets, by name and width, and alleys were indicated, including block nine, the subject of this controversy.

The words "public square" are written across block nine as laid down on the plat, and under the head of "References" number eight on the face of the plat is the following memorandum: "Block numbered nine declared public property for the purpose of containing the court house, should the town be selected for county seat." On the reverse side of the plat is the following deed or writing: This indenture made this 18th day of November, A. D. 1839, between William J. Smallwood, of Lewis county, State of Missouri, of the first part, and the county of Lewis of the other part, witnesseth that; Whereas, the said Jackson Smallwood intends to lay out a town on the west half of the southwest quarter of section 18, in township

62, north, in range 11, west, by laying out streets, alleys, lots and blocks, now therefore, in consideration of the premises, he, the said Smallwood, doth give, grant, sell and convey, and by these presents hath given, granted, released and forever quit-claimed unto the said county of Lewis, for public uses, the streets and alleys herein laid down and described, and also block numbered nine, according to the within plat or plan of said town, which shall be and remain the property of said county of Lewis for the purposes aforesaid forever. In testimony whereof, the said W. J. Smallwood hath hereunto set his hand and affixed his seal on this day and year first aforesaid.

[SEAL.]           W. J. SMALLWOOD.

STATE OF MISSOURI, ⎫
   COUNTY OF LEWIS,   ⎬ ss.
                  ⎭

Be it remembered that on this 18th day of November, A. D. 1839, before me, J. H. Blair, clerk of the circuit court within and for the said county of Lewis, personally appeared before me, William J. Smallwood, personally known to me to be the person whose name is subscribed to the foregoing instrument of writing as having executed the same, and acknowledged the same to be his act and deed for the purposes therein mentioned. In witness whereof I, J. H. Blair, clerk as aforesaid, have hereunto set my hand and affixed the seal of said court. Done at office in Monticello, at the county aforesaid on the day and date above written.

J. H. BLAIR, Clerk.

By THOS. J. HUGHES, Deputy.

The plat and writing, in form a deed, were filed in the office of the recorder of Lewis county on the same day it was acknowledged. Defendants also put in evidence tending to show that lots around and fronting said block, in consequence of the representations of Smallwood that it was dedicated to public use, sold from four to twenty times more than other lots in the town; also evidence tending to

show that from 1839 up to about 1871 said block was un-
occupied and was used by the public as a place for hitch-
ing horses, feeding teams and for public shows, and that
the town exercised control over it by letting it out to shows,
etc.    Evidence was also offered showing that after the or-
ganization of Knox county the said town of Edina was
selected as its county seat, and that the court house, instead
of being built on block 9, was built on a different block in
an addition made to said town and just south of and ad-
joining block 9, a street dividing the two blocks.    The
evidence also tended to show that said James A. Reid, long
before the levy of said attachment on said block, recog-
nized and represented block 9 as having been dedicated by
Smallwood to public use.

On the above state of facts the court gave for defend-
ant the following instruction:    "The court declares the
law to be that the deed and acknowledgment, with the
town plat on the reverse side, filed in the recorder's office
on the 18th day of November, 1839, by William J. Small-
wood, with the explanations, marks and designations on
the plat, had the effect, when so filed, to pass the fee sim-
ple title of block 9 from said Smallwood and vest the same
in Lewis county for public use, and by virtue of said deed
and plat said William J. Smallwood and all persons claim-
ing under him are estopped from asserting any claim or
right to said block."    The action of the court in giving this
instruction, as well as its action in refusing plaintiff's instruc-
tions embracing a theory of the case in direct opposition
to that contained in the one given, is assigned for error.
We deem it unnecessary to insert plaintiff's refused instruc-
tions, inasmuch as a consideration of the objections to that
which was given for defendant will sufficiently develop the
points relied upon by plaintiff.

Plaintiff's counsel say that error was committed in
giving the said instruction because, at the time the plat of
the town of Edina was filed in the recorder's office of
Lewis county, the land on which it was laid out was not

in Lewis county, but in the county of Ralls; second, be-
cause the plat was not acknowledged; third, that if it was
properly acknowledged and filed, it dedicated block 9 only
for the purpose of having erected upon it a court house in
the event of Edina becoming a county seat; fourth, be-
cause there was no acceptance of the dedication, and the
county, by having erected its court house on another and
different block, thereby abandoned the use for which said
block 9 was dedicated, whereby said block reverted to said
Smallwood, or his grantee. The above are the material
objections relied upon by plaintiff, and will be considered
in their order.

Ralls county, which was organized in 1820, (1 Vol.
Terr. Laws, pp. 650, 651,) embraced within its limits the
1. THE TOWN OF larger part of northeast Missouri, and in-
EDINA.          cluded within its boundaries the territory out
of which, among others, the counties of Marion, Lewis
and Knox were subsequently carved. By section 39, vol.
1, Statutes 1825, p. 242, the boundary of Marion county
thereafter to be created was defined and outlined, and on
the 23rd day of December, 1826, by sections 1, 2 and 8, 2
volume Territorial Laws, page 90, Marion county was cre-
ated, and " all that part of the territory lying west and
north of the county of Marion formerly included in the
county of Ralls," was attached to the county of Marion for
all military, civil and judicial purposes. The territory
thus detached from Ralls and attached to Marion county
included the territory composing the present counties of
Lewis and Knox. In January, 1833, Lewis county was or-
ganized, and by section 6, volume 2, Territorial Laws, page
308, " all that portion of country lying north and west of
said county of Lewis, which has heretofore been a part of
Marion," was attached to the county of Lewis. The ter-
ritory thus attached to Lewis embraced what is now the
county of Knox, and also the land on which the town of
Edina was laid out. From this history of the organizations
of these counties, it clearly appears that said town at the

time the plat was filed was not in Ralls but in Lewis county, and that the plat was properly filed in the recorder's office of that county.

The fact as to whether said plat was acknowledged by Smallwood, under the pleadings, cannot be questioned, because the replication admits " that said Smallwood laid out and platted the west half of section 18, township 62, range 11, and on the 18th day of November, 1839, made and acknowledged a plat of the same, wherein he laid out and designated the lots, blocks, streets and alleys, and, amongst others, the said block No. 9, and which purported to convey to Lewis county the said streets and alleys and said block 9 for public use."

The objection that there was no acceptance by the county of the dedication, has no application to a statutory dedication, when the statute declares that the plat, when acknowledged and filed with the recorder, shall be deemed sufficient to vest the fee in the county in which such town lies. In such cases acceptance on the part of the public is dispensed with, and in this respect a statutory dedication differs ·from a common ·law dedication. It differs also " in its mode of operation, for the estate vests in the public by conveyance or grant; whereas, at common law a dedication, in cases where there is no express grant to a grantee upon consideration, operates by way of ·estoppel *in pais* of the owner rather than by a grant or transfer of an interest in the land." ·2 Dillon Munic. Corp., § 491.

2. TOWN PLATS: dedication to public use.

It thus appearing that the plat of the town of Edina was acknowledged and filed in the ·office of the recorder of Lewis county, and that the land on which it was laid out was in territory attached to said county, these facts, under section 4 of the Statutes of 1835, page 599, were sufficient to vest the fee of such parcels of land as were expressly named or intended for public use in Lewis county in trust for the uses and purposes therein expressed, named

or intended, and for no other purposes.   This is so because the statute expressly declares it to be so.

It is argued by counsel that the only public use for which the block in question was dedicated by Smallwood,

*3. ———: dedication, general or special?*   was that a court house might be built thereon in the event of Edina becoming a county seat, and said block not having been appropriated to that use, that, therefore, the title thereto revested in Smallwood, or his grantee.   This position, we think, is not maintainable.   It could scarcely be urged that if Edina had never become the county seat of Knox county the said block would cease to be public property, and the public be deprived of its use as a public square, and yet this would be the logical result of the argument.   The construction contended for as to the effect of the words used in the eighth memorandum is too restrictive, and is violative of that rule which requires the words used in a grant to be most strongly construed against the grantor.   Considering all that appears on the face, as well as the reverse side of the plat together, and regarding the writing on the back, though in form a deed, as being merely intended to make a more formal dedication of the streets, alleys and block in question, than was made either by the words "public square" written across block 9, or by the words contained in reference number eight, " that block 9 is public property for the purpose of building a court house should Edina be selected as a county seat," and applying the rule of construction above adverted to, the general public use to which the block in question was devoted cannot be restricted to the single use of erecting upon it a court house.   We think it clear that, if the contingency requiring the erection of a court house in Edina had never happened, the words "public square" in connection with those used in the writing on the back of the plat, constituted a sufficient statutory dedication of said block so as to vest the fee in Lewis county for public use generally.

It is, however, insisted that the fee could not thus vest

20—73

because Smallwood, by virtue of his entry of the land on which the town was located, only had an equity, and that the legal title remained in the government till 1841, when it issued a patent to Smallwood. Conceding that the legal title remained in the government till the patent issued, this fact does not draw after it the conclusion contended for. Smallwood's equity unquestionably passed to the county in 1839, and the subsequent investure in him of such title by virtue of said equity only clothed him with the naked fee to be held in trust for the county, and neither he nor his grantee could successfully ground an action of ejectment on such title for the recovery of the land as against the beneficiary. This precise question was so determined in the case of the *City of Cincinnati v. Lessees of White*, 6 Peters 440. Besides this, such title, as soon as acquired, by operation of the statute relating to the subject of towns and town plats hereinbefore referred to, passed out of Smallwood to the county. We perceive no error authorizing a reversal of the judgment, and it is, therefore, affirmed, in which all concur.