## EBEN C. THAXTER *vs.* FRANCIS S. TURNER.

A purchaser of certain lots on a recorded plat which showed platted streets and a platted park brought a bill in equity against the owner of the unsold part of the platted tract to compel the removal of obstructions put by this owner on certain streets and the park so platted. The bill did not specify what streets were obstructed, nor show any special way in which the complainant was injured. On demurrer to the bill,

*Held*, that the bill should be sustained.

BILL IN EQUITY to compel the removal of certain obstructions, and for an injunction. On demurrer to the bill.

*July* 23, 1892. PER CURIAM. This bill is brought to compel the respondent to remove the obstructions which he has placed in certain platted streets and a platted park, which streets and park are delineated on a plat called " Oak Lawn Plat, Cranston, R. I.,

belonging to R. B. Holden, George A. Angell, E. R. Holden, and R. H. Blanding, surveyed and drawn March, 1873, by J. A. Latham," which plat is duly recorded in the office of the town clerk of said Cranston.

The tract of land delineated on said plat is divided thereon into house lots, streets, and a park, for the purpose of selling said house lots. The respondent is the owner of said tract of land, excepting such house lots as have been sold thereon. The complainant is the owner, by purchase from the respondent, of two of said lots, upon which his homestead is located, the deeds whereof describe said lots as numbered 152 and 153, as laid out and delineated on said plat, reference thereto being made.

The bill does not specify what streets upon said plat are obstructed, nor the particular manner in which the complainant suffers injury thereby.

The respondent has demurred to the bill, on the grounds that it does not set forth a cause of action sufficient to warrant the interposition of a court of equity; that it does not set out sufficient cause to warrant the granting of the relief therein prayed for, and because the complainant has an adequate remedy at law.

We are of the opinion that the bill, although somewhat meagre in its allegations as to the particular manner in which the injury complained of was sustained, yet states a case which entitles the complainant to the interposition of a court of equity.

The law seems to be well settled, where the owner of land divides it into house lots, streets, and public places, for the purposes of sale, by having the same platted, and recording the plat in the office of the recorder of deeds, and then sells one or more of said lots, describing the same by a reference to said plat, that he thereby annexes to each lot sold a right of way in the platted streets delineated on said plat, which neither he nor his successors can afterward interrupt or control.

In Elliott on Roads and Streets, 112, 113, this principle is laid down as follows: "It is not only those who buy land or lots abutting on a street or road laid out on a map or plat that have a right to insist upon the opening of the street or road, but where streets and roads are marked on a plat, and lots are bought and sold with reference to the plat or map, all who buy with reference

to the general plan or scheme disclosed by the plat or map acquire a right in all the public ways designated thereon, and may enforce the dedication. The plan or scheme indicated on the map or plat is regarded as a unity, and it is presumed, as it well may be, that the public ways add value to all the lots embraced in the general scheme or plan. Certainly, as every one knows, lots with convenient cross streets are of more value than those without, and it is fair to presume that the original owner would not have donated land for public ways unless it gave value to the lots. So, too, it is just to presume that the purchasers paid the added value, and the donor ought not, therefore, to be permitted to take it from them by revoking part of his dedication." See, also, *Rowan's Ex'rs* v. *Town of Portland*, 8 B. Mon. 232; *In Re Opening of Pearl Street*, 111 Pa. St. 565; *Bartlett* v. *Bangor*, 67 Me. 460; *De Witt* v. *The Village of Ithaca*, 15 Hun, 568.

In 2 Dillon on Municipal Corporations, 4th ed. § 640, the author states the rule thus: " While a mere survey of land, by the owner, into lots, defining streets, squares, etc., will not, without a sale, amount to a dedication, yet *a sale of lots with reference to such plat*, or describing lots as bounded by streets, will, as between the grantor and grantee, amount to an immediate and irrevocable dedication of the streets, binding upon both vendor and vendee."

The same doctrine was announced by this court in *Chapin* v. *Brown*, 15 R. I. 579. See, also, *Clark* v. *City of Providence*, 10 R. I. 437.

It is clear that the complainant has no adequate remedy at law in the premises.

The demurrer is, therefore, overruled.

*Dexter B. Potter*, for complainant.

*Francis Colwell & Walter H. Barney*, for respondent.