UNITED STATES v. CERTAIN LANDS IN TOWN OF JAMESTOWN, R. I.

(Circuit Court, D. Rhode Island. September 20, 1905.)

No. 2,570.

EMINENT DOMAIN—RIGHT TO COMPENSATION—EASEMENT IN STREET.

Where deeds describe the property conveyed as parts of a platted tract and refer to streets thereon, the description is with reference to the plat, and, under the rule of law established by decision in Rhode Island, the grantees acquire as appurtenant to their lands a right of passage over all parts of such streets, and are entitled to damages whenever any part of the same is condemned for another public use which deprives them of such right.

Condemnation Proceedings. On motion to dismiss certain claims for damages.

Chas. A. Wilson, U. S. Atty.
Wm. P. Sheffield, Jr., for claimants.

BROWN, District Judge. By stipulation, it appears that the claimants therein named, at the time of the entry of the decree of condemnation, were respectively seised in fee of certain parcels of land, parts of "Ocean Highlands," so called; that at the time of the sale of said parcels of land to the claimants or their ancestors in title a plat was shown to the purchasers, on which was designated "Highland Drive" as an open way; that the said plat is referred to in the several deeds of the claimants, and was on file, being received for record, in the office of the town clerk of the town of Jamestown; that said plat is not now in the town clerk's office. A portion of Highland Drive having been condemned by the United States, it follows, if the claimants had rights of passage over all portions of Highland Drive, that some portion of the claimants' rights has been taken by the United States.

I am of the opinion that, upon the facts set forth in the stipulation, the claimants, according to the settled law of Rhode Island had acquired as appurtenant to their lands a right of passage over all parts of Highland Drive, including that portion of said drive condemned by the United States. Clark v. City of Providence, 10 R. I. 437; Chapin v. Brown, 15 R. I. 579, 10 Atl. 639; Johnson v. Stitt, 21 R. I. 429, 44 Atl. 513; Thaxter v. Turner, 17 R. I. 799, 24 Atl. 829; Johnston v. Old Colony R. R. Co., 18 R. I. 642, 29 Atl. 594, 49 Am. St. Rep. 800.

The attorney of the United States contends that these claimants have no private easements in that part of Highland Drive taken by condemnation. It is argued that none of the deeds whereby claimants' acquired title contains an express grant of any rights over that part of Highland Drive actually taken, and that no part of their lands borders on that part of the way so taken; that nothing in the claimants' deeds indicates that the lands were purchased with reference to said plat of Ocean Highlands. It is also contended that evidence that a certain plan, to which no reference is made in the deeds, was exhibited to them at the time of purchase, is incompetent to enlarge their grants. It is also contended that Highland Drive is merely a public highway, and that the only injury to claimants is one in common with the public, for which the claimants are entitled to no damage.

As the claimants base their claims upon the proposition that they are the owners of private easements, we need not consider whether there is any evidence before us that Highland Drive is in fact a public highway. The previous decision in this case (112 Fed. 622, 623), and the cases therein cited, as well as decisions to the effect that no recovery can be had for consequential injuries resulting from eminent domain, are not in point.

The attorney for the United States contends that as a matter of law, upon the undisputed facts, the claimants have no such rights of way as to entitle them to damages. This argument is not based upon the stipulation of facts alone, but upon a reference to the deeds on file, which it is said contain no express grants of rights over that part of Highland Drive actually taken, and show that none of the claimants' estates bound on said part of Highland Drive, and that nothing in the deeds indicates that the lands were purchased with reference to said plat of Ocean Highlands.

Questions arise, however, whether the contention that the deeds do

not indicate that the lands were purchased with reference to said plat is not inconsistent with the stipulation "that the said plat of the 'Ocean Highlands,' with said 'Highland Drive' thereon, is referred to in the several deeds," etc., and whether, in view of the stipulation, we are at liberty to consider, upon this motion to dismiss, the provisions of the deeds in detail. We may pass these questions, however.

Upon an inspection of one or more of these deeds, all of which I assume to be in substantially the same form, since on the argument no distinction was made between the rights of the different claimants, and since no such distinction is made in the stipulation, it appears that the parcels sold were described as portions of Ocean Highlands; that various streets, including Highland Drive, were referred to as existing streets or ways; that various restrictions are referred to as applicable to the owners or occupants "of any portion of said Highlands on the said plat thereof"; and that the design is expressed "to make every portion of said Ocean Highlands subject to said conditions for the benefit of any other portion thereof forever."

Upon the face of the deeds, therefor, it sufficiently appears that Ocean Highlands was, at the time of purchase, a platted tract, with Highland Drive shown as a street thereon; and, as the deeds are not, therefore, inconsistent with the stipulation, I am of the opinion that the claimants' lands are "described by a reference to said plat" in such manner as to make applicable the well-established rule laid down in the decisions of the Supreme Court of Rhode Island above cited. Considering the terms of the stipulation in connection with the terms of the deeds themselves, it seems clear that it cannot be said as a matter of law that the claimants had no such rights of way as to entitle them to any damages.

It is further contended that, owing to the remoteness of the claimants' land from the land taken, the damages sought to be recovered "are purely sentimental, too remote and consequential for assessment." While an inspection of the plat would seem to give support to the contention that many of the claims for damages are grossly exaggerated, the proper mode for protecting the United States from extortionate demands for the destruction of the claimants' rights is rather in the application of proper rules of evidence as to actual damages than in the dismissal of the claims.

The motion to dismiss is denied.