[No. 6199. Decided September 22, 1906.]

PAUL THONNEY et al., Appellants, v. GEORGE M. RICE, as Road Supervisor, etc., Respondent.[1]

DEDICATION—PLATS—ACCEPTANCE. The laws in force prior to 1893 (Bal. Code, §§ 1264, 1276), did not expressly require any acceptance by the public of plats or additions dedicated to the public.

SAME—RESERVATION—CONSTRUCTION—ACCEPTANCE. A dedication in a plat of the streets shown, expressly reserving the right to enclose and use the streets until it is necessary to use them as a means of ingress and egress to property sold, does not take effect until the happening of such future event; and an order of the county commissioners, after their use became necessary, requiring the opening of the streets, was a sufficient acceptance by the public of the dedication.

SAME—LACHES—ABANDONMENT—ADVERSE POSSESSION—CONSISTENT WITH GRANT. Where a plat dedicating streets expressly reserved the right to enclose and use them until such time as they became necessary for public travel, there can be no question of laches or abandonment by the lapse of twenty-three years; since the dedicator provided against the lapse of time by his reservation, so that his occupation was not adverse, but was consistent with the grant; especially where the streets have not been on the tax rolls or any taxes paid thereon during said time.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered November 25, 1905, in

1Reported in 86 Pac. 713.

favor of the defendant, upon stipulated facts, denying an application to enjoin the opening of a street. Affirmed.

*Oscar Cain,* for appellants.

*Lester S. Wilson,* for respondent.

HADLEY, J. — This action involves the dedication of a street, and plaintiffs seek to enjoin the opening thereof. The following is a substantial statement of the agreed facts in the case: On the 10th day of March, 1883, James W. Cochran and wife were the owners of the tract of land described in the complaint, and of other lands contiguous thereto. On said date they caused said lands to be platted as an addition to the town of Dixie. The plat showed the land described in plaintiffs' complaint as platted into lots and blocks, which were numbered and designated thereon, and it also showed certain streets running through the land. Among the streets so designated was Main street, which was described as being sixty feet in width through the premises described in the complaint. The plat was duly acknowledged and filed for record in the office of the auditor of Walla Walla county on said 10th day of March, 1883, where it was also recorded. The plat contained the following dedication of the streets shown thereon:

"The streets as shown on the map of Cochran's addition to the town of Dixie are hereby dedicated to public use; but the right to enclose and keep enclosed and use all the streets until it is necessary to use them as a means of ingress and egress to property sold in said addition is hereby reserved."

After said date, said Cochran and wife conveyed the lands described in the complaint to one Clancey, who afterwards conveyed them to the plaintiffs. Prior to such conveyance Cochran and wife also conveyed certain lots in said addition to one Marion Koger. On the 3d day of June, 1905, said Marion Koger and one George Cochran, who were then the owners of lots in said addition, petitioned the board of com-

missioners of Walla Walla county to open said Main street
for public travel. They alleged the necessity for opening
the street as a means of ingress and egress to and from their
said lots. Thereupon a hearing was had upon the petition,
and the county commissioners entered an order requiring the
street as shown upon said plat, to be opened for public travel.

The defendant is the road supervisor of road district No. 2
of Walla Walla county, and unless restrained he will, in ac-
cordance with said order, proceed to open the street. No order
has ever been made or action taken by the board of county
commissioners of Walla Walla county accepting the plat of
said addition or the dedication of the roads and streets
thereon, except as above stated. No work has ever been done
upon said street, and no money has been expended thereon
by said county, since the filing of the plat. The street has
never been opened to public travel and has never in any way
been used or occupied by the public as a highway. During all
times since the filing of the plat, the plaintiffs and their
grantors have been in the peaceable, quiet, undisturbed, and
exclusive possession of said street, and have occupied and
cultivated the same as they have other lands in the addition.
All taxes paid by the plaintiffs upon that portion of the lands
described in the complaint which are included in said plat
have been paid upon lots and blocks as shown upon the plat.
The plaintiffs have never paid any taxes upon said strip
sixty feet in width designated upon the plat as Main street,
and no part of said Main street has ever been upon the as-
sessment rolls for taxation since the plat was filed. From
the foregoing facts the court found as conclusions of law
that, at the date of the commencement of the action, the de-
fendant, as road supervisor, had, and that he now has, the
legal right to open as a public road the street designated
upon said plat as Main street, and that plaintiffs are not
entitled to the relief demanded in their complaint. Judg-
ment was entered dismissing the action, and the plaintiffs
have appealed.

Appellants argue that there was never an effective dedication of this highway, for the reason that the plat was not accepted by the board of county commissioners. At the time the plat was filed, the following statutes were in force, as now found in Bal. Code, §§ 1264 and 1276 (P. C. §§ 3566, 3556):

"§ 1264.   Whenever any city or town has been surveyed and platted, and a plat thereof showing the roads, streets, and alleys has been filed in the office of the auditor of the county in which such city or town is located, such plat shall be deemed the official plat of such city or town, and all roads, streets, and alleys in such city or town, as shown by such plat, [shall] be and the same are declared public highways: Providing, That nothing herein shall apply to any part of a city or town that has been vacated according to law."

"§ 1276.   Every donation or grant to the public, or to any individual or individuals, religious society or societies, or to any corporation or body politic, marked or noted as such on the plat of the town, or wherein such donation or grant may have been made, shall be considered, to all intents and purposes, as a quitclaim deed to the said donee or donees, grantee or grantees, for his, her, or their use, for the purposes intended by the donor or donors, grantor or grantors, as aforesaid."

It will be seen that § 1276 provides that the plat should be considered as having the force of a quitclaim deed to the donee, and § 1264 provides that all roads, streets and alleys shown upon a plat which has been filed in the office of the auditor of the county "shall be, and the same are, declared public highways." It will be noted that neither section calls for any affirmative act on the part of the municipality in the way of accepting the plat, and § 1264 unconditionally declares that the designated streets upon a plat which has been filed *shall be* public highways. · It was not until 1893 that the legislature required the approval of a plat by the municipality before it can be filed by the auditor. The provision was engrafted as an amendment to a former statute,

and the statute as amended is found in Bal. Code, § 412 (P. C. § 4076).

Appellants maintain that, notwithstanding the fact that no statute in force when this plat was filed specifically required an acceptance by the municipality, yet such an acceptance was nevertheless necessary in order to complete the dedication. Authorities in point are cited to the effect that, if such were not the rule, persons might file plats and thrust upon an unwilling public the burden of caring for unnecessary public highways. With respect to the plat in question, however, there can be no doubt that, under the law in force when it was filed, the auditor could receive it and file it even though it had not been previously approved by the donee. It was, therefore, at least subject to subsequent approval by the grantee. It was a proper public record at the time, and it has ever since remained a matter of record. We shall assume, for the purposes of this discussion, without deciding, that appellants may be correct in their contention that an affirmative act of acceptance became necessary to complete the dedication, even under the law then in force. It therefore remains to be seen whether, under the peculiar facts of this case, there has been such an acceptance. It will be remembered that the dedicator expressly reserved the right to keep the streets enclosed, and to use them until such time as they should become necessary as a means of ingress to and egress from property sold in the addition, and with that reservation he expressly dedicated the streets to public use. The reservation was for his benefit and that of his grantees, such as appellants. He dedicated the streets to the public, but the dedication was to become effective upon the happening of a future event, and the streets were not to become highways until the happening of that event. The grant to the public was not complete so far as the grantor himself was concerned until that event happened. When it did happen, the matter of the dedication was brought to the attention of the board of county commissioners, and by their action in the premises, they

promptly accepted it in behalf of the public. When that was done the grant was complete and became effective even under appellants' theory as to the necessity for the acceptance.

We think there is no question of lapse of time, laches, abandonment, or adverse possession in the case. The dedicator provided against lapse of time by reserving the use of the streets for himself and his grantees until their use would become necessary for ingress and egress to and from lots which he should sell within the platted territory. This has ever since been a matter of public record, and appellants are therefore chargeable with knowledge thereof. There has been no abandonment. No attempt has ever been made to vacate the plat, either by the original grantor or by his grantee. The fact that this street was occupied by appellants did not make it an adverse occupation, since it was consistent with the original grant and was at all times subject to the happening of the final event, which was to complete the dedication and establish in the public the right to use the land for highway purposes. The lapse of twenty-three years of time therefore became immaterial.

Appellants have never paid any taxes upon this dedicated land. So far as the record discloses they have never sought to have it placed upon the tax rolls, so that they might do so. But they have apparently acquiesced in the view of the assessors that it was a dedicated highway and not land subject to taxation. While they have at all times been chargeable with knowledge of the situation from the public records, yet the last stated facts are confirmatory of their actual knowledge thereof, and they should not now be heard to contend that their status with relation to this land is different from that which is consistent with their own course of conduct with respect thereto.

For the foregoing reasons, we think the judgment of the trial court was right, and it is affirmed.

MOUNT, C. J., DUNBAR, FULLERTON, and CROW, JJ., concur.