[No. 6400.  Decided February 2, 1907.]

GEORGE F. MEACHAM *et al., Respondents,* v. THE CITY OF SEATTLE, *Appellant.*[1]

DEDICATION — PLATS — CURING DEFECTS — BY SUBSEQUENT DEED. Defects in a town plat, in that it was not acknowledged by the wife and failed to designate the length of the lots or locate the land, are cured by a subsequent deed of dedication remedying the defects.

SAME—MARKING ON GROUND—EVIDENCE. The recitation in a town plat that the tract was "laid out" is sufficient evidence that the same was marked upon the ground, in the absence of other evidence.

[1]Reported in 88 Pac. 628.

SAME—VALIDITY—TITLE ACQUIRED SUBSEQUENTLY. A town plat is not invalid by reason of the fact that the tract was in a donation claim, title to which was in the government, where the parties were in possession and subsequently acquired title from the government.

SAME—RATIFICATION. The sale of lots according to a town plat and conveyances by the dedicators, constitutes a ratification of the plat.

SAME—ACCEPTANCE—NECESSITY. In 1869, acceptance of a plat by a city or town was not necessary.

SAME—ACCEPTANCE—SUFFICIENCY. The recording of a town plat in a plat book "Per order of county comrs," indicates an acceptance of the plat by the proper authorities.

SAME—DESCRIPTION—INCLUSION OF STREETS. Where a town plat indicates a street on its north boundary, which it recognizes as such, it should be construed to include such street, where the tract of land platted is not described, and the land in the street belonged to the dedicators, notwithstanding that subsequently a deed of dedication, made for the purpose of curing certain defects, described the north boundary of the tract as the south line of such street; inasmuch as the evident intent of the deed of dedication was to confirm, and not to modify, the original plat.

Appeal from a judgment of the superior court for King county, Yakey, J., entered February 8, 1906, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to quiet title. Reversed.

*Scott Calhoun* and *O. B. Thorgrimson,* for appellant.

*Aust & Terhune,* for respondents.

PER CURIAM.—This action was brought by respondents to quiet title to a certain parcel of land in the city of Seattle, which the city claims as a street. A decree was entered substantially as prayed for, and the city appeals.

The facts are as follows: In the year 1869, Edward Hanford laid off a tract of land in King county into streets, alleys, lots and blocks, and designated the same "Hanford's Addition to South Seattle." A plat was made showing blocks numbered from 1 to 40, inclusive. Each block was

divided by an alley, and the lots numbered in each block. Streets were shown running north and south, and east and west, each street being named. The street running east and west along the north side of the plat was designated on the plat as "Lander" street; the street running east and west along the south side of the plat was designated "Hanford" street; the street running north and south on the east side of the plat was designated "Sherman" street; the intervening streets need not be referred to. The plat recited that Forest avenue is 80 feet wide, "other streets 80 feet wide, alleys 16 feet wide, lots in blocks numbered 1 to 20, 40 feet wide; other lots 60 feet wide." The plat was acknowledged by Edward Hanford before a notary public on June 9, 1869, and was filed for record in the office of the county auditor on the same day, and was recorded in the records of King county in volume 2 of Deeds, on page 314, on June 18, 1869, and recorded "Per order of County Comrs." in the plat book on March 16, 1875. There is nothing on the plat to indicate the location of the land platted nor the length of the lots. Between the date of filing this plat and August 27, 1871, Edward Hanford and wife joined in executing deeds to certain lots in said "Hanford's Addition to South Seattle"; in which deeds the said addition was described as being in "Edward Hanford's Donation Claim." On August 27, 1871, the government of the United States, under the Oregon Donation Act, issued a patent to Edward Hanford's donation claim No. 44. On July 1, 1878, Edward Hanford and wife executed a deed as follows:

## DEED OF DEDICATION.

"Know all men by these presents, that we Edward Hanford and Abbie J. Hanford, wife of said Edward Hanford, of Seattle, King county, in Washington Territory, have laid out as a town plat a tract of land owned by us in King county, Washington Territory, described as follows, to wit: All that part of Edward Hanford's Donation Claim No. 44 in Township twenty-four north of range four east lying

west and south of lines commenced and run as follows, viz., commencing at a point on the south boundary line of said donation claim 1643 feet east from the southwest corner of said donation claim, said south boundary line of the claim forming the center line of Hanford street, and running thence north forty feet to the southeast corner of block thirty-six, and thence north along the west line of Sherman street 1524 feet to the northeast corner of block forty and south line of Lander street and thence west along the south line of Lander street into Elliott's Bay. Said town plat to be known and designated as Hanford's Addition to South Seattle, and to be as the same is now of record in the auditor's office of said King county in book 2 of Deeds at page 314 and transcribed into book 1 of plats at page ———. And we do hereby donate to the uses of the public all the land embraced in the streets and alleys within said described lines. Streets are eighty feet wide except Forest avenue which is eighty-four feet wide. Alleys are sixteen feet wide. Lots in blocks 1 to 20 inclusive are forty feet wide and one hundred and twenty feet in length. Lots in all other blocks are sixty feet wide and one hundred and twenty feet in length.

"Witness our hands and seals this 1st day of July, A. D. 1878."

This deed was duly signed, acknowledged and recorded.

Sixteen days later, viz., on the 16th day of July, 1878, T. Hanford and Frank Hanford laid out and platted an addition to South Seattle. This plat was designated as "T. Hanford's Addition to South Seattle," and lies immediately east of Sherman street, and between Lander street and Hanford street as the same were designated on E. Hanford's addition to South Seattle, above referred to. In this plat of T. Hanford's addition to South Seattle, Lander street is continued west from "Hanford's addition" on through "T. Hanford's addition." On November 14, 1881, Edward Hanford and wife sold and conveyed to Thad. Hanford all their right, title and interest in and to the Edward Hanford donation land claim, "and all parts thereof not hitherto sold by us, together with any and all lots in E. Hanford's addition to South Seattle as laid off and platted by us upon said donation

claim, excepting such as have been hitherto sold by us."
Thereafter in May, 1890, Thad. Hanford, for a considera-
tion of $1,000, sold and conveyed the land in dispute to
George F. Meacham. Respondents subsequently acquired
the title thereto. This tract of land is forty-eight and one-
half feet wide by two hundred and forty feet in length, and
lies north of block 21, Hanford's addition to South Seattle,
in what is designated in the plat of said addition as "Lander"
street. From these facts the trial court found that it was
not the intention of the said Edward Hanford or his wife
to include any part of Lander street in the plat of Han-
ford's addition to South Seattle, or to dedicate the land
designated as Lander street to the public, and concluded
that the plaintiffs were the owners of the land located in this
street. The main question in the case is whether Lander
street is a dedicated street. If it was such street at the time
the deed of dedication herein referred to was filed, the case
must be reversed. Otherwise it must be affirmed.

It is claimed by appellant that the plat of Hanford's addi-
tion to South Seattle complies substantially with the provis-
ions of the code, Pierce's Code, §§ 3555-3558, 3560 and 3566
(Bal. Code, §§ 1260, 1276, 1261, 1262, 1264), and that the
plat was a valid statutory dedication of all the streets platted
thereon, which dedication could not be revoked; and that, if
the plat was not a valid statutory dedication, it was a valid
common law dedication, under the rule laid down by this court
in *Seattle v. Hill*, 23 Wash. 92, 62 Pac. 446, and could not be
revoked at the time of the filing of the deed of dedication
referred to. On the other hand, the respondents claim that
the filing of the plat did not constitute either a statutory
or a common law dedication, because Abbie J. Hanford, wife
of Edward Hanford, did not join in the plat, when she
owned an equitable interest with Edward Hanford in the
land; because the length of the lots was not given on the
plat; because there was no "laying off" of the land; because
there was nothing on the plat to indicate the location of the

land platted; because the legal title of the property platted was at the time the plat was filed wholly in the United States; because there was no acceptance of the plat, and because it is claimed the deed of dedication filed for record in July, 1898, excepted Lander street from the plat, for the reason that the said deed did not include said street within the description of the platted land.

We think the position taken by the appellant must be sustained, and that there is no substantial merit in any of the positions taken by the respondents. Respondents and their grantors obtained title to the land in dispute long after the plat was filed by Edward Hanford, and long after the deed of dedication was executed and filed by Edward Hanford and wife. Conceding, therefore, that the plat was defective at the time it was filed, because Mrs. Hanford did not join in the acknowledgment of the plat, and because the length of the lots was not designated thereon, and because the plat did not locate the land platted, the deed of dedication executed by both Edward Hanford and his wife cured all these defects, and from that time forward the plat complied with the statutory requirements in all respects. The respondents having purchased after this deed of dedication had cured all these defects, cannot be heard to say that the plat was previously defective in the respects named.

It is true the court found that there was no evidence of any stakes, monuments, or other markings set on the ground showing the location of the plat prior to 1878. This finding appears to be entirely unsupported by the evidence. There seems to have been no dispute upon this point. The only witness who testified upon the question of the original monuments on the ground was Mr. McMonagale, who was supervisor of surveys for the city for more than ten years, and who, testifying for the city, said:

"A. In 1892 the city had a man go into this Hanford's addition to find the original stakes, marking and describing

—a man by the name of J. W. Rust, and it was filed in the records of the city engineer's office. From this block 6 he set stone monuments, and from those stone monuments he worked up the plat distances to Lander street—the south line of what is called Lander street; that is from the south. From the north he used the Hanford donation claim line which is monumented, put several monuments along the line and worked—followed the plat distance south five hundred feet for that block. It leaves practically 54.4 of Lander street at this point (indicating). Q. Did you ever find any of those original monuments? That is in Hanford's addition? A. I have been to these same points with Mr. Rust and found the stakes there from those notes—set in '97—found—his notes show. Q. And this tract George F. Meacham claims in this case lies entirely within the boundary of this 54 feet which you say is left here (indicating). A. Yes, sir. Q. Between the plats on the north and the plats on the south? A. Yes, sir."

The dedicatory deed of 1878 recites: "We, Edward Hanford and Abbie J. Hanford  *  *  *  have laid out as a town plat a tract of land owned by us in King county,  *  *  *  said town plat to be known and designated as Hanford's Addition to South Seattle, and to be as the same is now of record," etc. The statute provides, at § 3555, Pierce's Code, then in force:

"Any person or persons who may hereafter lay off any town within this state, shall, previous to the sale of any lots within such town, cause to be recorded in the recorder's office of the county wherein the same may lie, a plat of said town," etc.

Pierce's Code, § 3560, provides:

"All streets, lanes and alleys, laid off and recorded in accordance with the foregoing provisions, shall be considered, to all intents and purposes, public highways," etc.

The words "laid off" or "lay off," as used in these statutes are not defined therein. The usual and ordinary meaning must therefore be given to them. It is well and commonly understood, when it is said that an addition or town is laid

off or laid out, that it is surveyed or measured and marked upon the ground. The plat is a description of the markings upon the ground. 5 Words and Phrases, p. 4037; *Zinc Co. v. La Salle*, 117 Ill. 411, 2 N. E. 406, 8 N. E. 81. If there were no other evidences of the fact that the land platted was marked or staked upon the ground, the deed of dedication of July, 1878, by the use of the language contained therein, viz.: "We . . . have *laid out* as a town plat a tract of land owned by us," is sufficient to show that the land was marked upon the ground at the time the plat was filed; especially where there is no evidence of any character to contradict that fact.

The fact that the legal title to land platted was in the United States at the time the plat was filed did not invalidate the plat. It appears to be conceded that Edward Hanford and wife obtained their title to the land under the Oregon donation act, 9 U. S. Stat. at Large 496. Under the provisions of §§ 4 and 7 of that act, it was necessary for four years' previous actual possession and cultivation before title could be acquired. Title was acquired by Hanford and wife in 1871. The land was platted in 1869. It follows that Edward Hanford and wife were in possession of the land and had an equitable interest therein when the land was platted and the plat filed. The rule is that the owner of the equitable estate may make a dedication which will be effective. Elliott, Roads and Streets, § 145; *Reid v. Edma Board of Education*, 73 Mo. 295; *Hagaman v. Dittmar*, 24 Kan. 42.

After the land was platted and the plat was filed, and after Edward Hanford and wife acquired the legal title, they sold lots with reference to the plat and joined in the deeds therefor. These acts constituted a ratification of the plat as filed. Elliott, Roads and Streets, § 117; *City of Corsicana v. Zorn*, 97 Tex. 317, 78 S. W. 924.

Under the law in force at the time this plat was filed, there was no requirement that there should be an acceptance of the

plat on the part of the city or town before it should become effective. *Thonney v. Rice*, 43 Wash. 708, 86 Pac. 713. In referring to the acceptance of a town plat in that case, we said:

"With respect to the plat in question, however, there can be no doubt that, under the law in force when it was filed, the auditor could receive it and file it even though it had not been previously approved by the donee. It was, therefore, at least subject to subsequent approval by the grantee."

In this case the plat was recorded in the records of deeds by the county auditor in June, 1869. Afterwards, in March 1875, the plat was recorded in the plat book "per order county comrs." If the record made by the county auditor did not constitute an acceptance, we are satisfied that the order of the county commissioners did so in 1875, when they ordered the plat recorded in the plat book, because that act was an affirmative act, indicating an acceptance by the proper authorities. *Thonney v. Rice, supra.*

We now come to the main question presented, which is, did the original plat of Hanford's addition to South Seattle and the deed of dedication above referred to constitute a dedication of Lander street to public use? The evidence upon this question is wholly record evidence, consisting of the plat itself, and the deeds executed thereafter with reference to the plat. No oral evidence was offered or received except as above quoted, which referred to the original monuments upon the ground. If the original plat as recorded had contained a description of the land upon which the addition was *laid* out or actually platted upon the ground, and no other deeds had been made, there could be no doubt upon this question, because Lander street appears upon the plat definitely and as plainly marked and indicated as any other street. The street was originated by the plat of Hanford's addition to South Seattle. The equitable title of the street as we have seen above was in him. But on July 1, 1878, the grantor no doubt having discovered the fact that the

plat contained no words which indicated the location of the land platted, a "deed of dedication" was executed for the purpose of curing this defect and the other defects, viz., that the length of the lots was not stated, and that Mrs. Hanford had not joined in the plat. This deed of dedication recites:

"We  *  *  *  have laid out as a town plat a tract of land owned by us in King county, Washington Territory, described as follows, to wit: All that part of Edward Hanford's Donation claim  *  *  *  lying west and south of lines commenced and run as follows: [then describing the initial point on the south boundary line] ; thence north along the west line of Sherman street  *  *  *  to the south line of Lander street; thence west along the south line of Lander street into Elliott's Bay  *  *  *  Said town plat to be as the same is described of record in the auditor's office of said King county in book 2 of Deeds at page 314, and described in the book of plats at page ——; and we hereby donate to the uses of the public all the lands embraced in the streets and alleys within said described lines."

Lander street is the street running east and west along the north of the plat, while Sherman street is the street running north and south on the east side of the plat. No part of either of these streets is included within the description contained in the deed of dedication. Respondents contend that this shows an intention on the part of the grantors to exclude Lander street from the plat. The contention seems plausible; but when we consider that there is no expressed intention to modify the original plat, and when we consider the manifest purposes for which the deed was made, viz., to correct omissions on the plat; and also when we consider the statement that "said town plat  *  *  *  to be as the same is now of record," it becomes plain that the intention of the grantors in the deed of dedication was to confirm and ratify the original plat as recorded, and not to modify it in any particular.

Both Lander street and Sherman street are referred to in that deed as "streets," and are recognized as such. It is

true the grantors recite that they "donate to the uses of the public all the land embraced in the streets and alleys within said described lines." The inference from this may reasonably be drawn that they did not donate to the public the use of streets without said lines, which would seem to contradict the statement, "said town plat to be as the same is now of record." Such construction should be placed upon the whole instrument as will make it effective for the purpose intended, to the exclusion of inferences or contradictions. Having mentioned Lander street as a street, it seems unreasonable to suppose that the grantors intended to exclude that street from the recorded plat by inference merely, and without making that idea clear. We are of the opinion, therefore, upon all the points above discussed, that the original plat was not changed, nor intended to be changed, by the deed of dedication, and that Lander street is a lawfully dedicated street to the public, and that the respondents therefore acquired no title to any part of that street. The trial court should have so found and dismissed the action.

It is unnecessary to consider the question whether the original plattors had power to exclude Lander street from the recorded plat without the consent of the city. The judgment appealed from is therefore reversed, and the cause remanded with instructions to dismiss the action.