[No. 13278.  Department Two.  July 19, 1916.]

FRANK W. R. HANFORD, *Respondent*, v. THE CITY OF
SEATTLE, *Appellant*.[1]

DEDICATION—BY PLAT—SUFFICIENCY—"PARK"—STATUTES.  Under
Code of 1881, §§ 2332 and 2329, providing that all streets and alleys
in a town plat shall be considered public highways, and that every
donation or grant to the public, individuals or societies, etc., "marked
and noted as such," shall be considered as a quitclaim deed to the
donee, a dedicated plat containing a tract marked "East Park" or
Block 32, is wanting in any affirmative words or expressions indi-
cating an intent to donate the tract as a park, as required by the
statute.

SAME—"PARK"—REVOCATION.  If such doubtful plat was a dona-
tion in intention, it was revoked where, prior to acceptance or use
by the public, it was reserved from conveyances and conveyed by
deed as the private property of the dedicators, and again conveyed.

SAME—"PARK"—ACCEPTANCE—ESTOPPEL.  Where there was no ac-
ceptance of a doubtful dedication of a tract as a park, the inclusion
of the same for many years in the mass of taxable property by the
levy and collection of taxes and assessments constitutes a rejection
by the public, and estops the city from asserting that it is public
property.

Appeal from a judgment of the superior court for King
county, Ronald, J., entered October 4, 1915, upon findings
in favor of the plaintiff, in an action to quiet title, tried to
the court.  Affirmed.

*Hugh M. Caldwell, James E. Bradford, Howard A. Han-
son*, and *Geo. A. Meagher*, for appellant.

*C. H. Hanford* and *P. V. Davis*, for respondent.

HOLCOMB, J.—Respondent brought action and had judg-
ment to quiet title in him to a certain block of land known
as "East Park," or block 32, Hanford's addition to South
Seattle.  The city claims this land as a public park.  It is
a part of the same plat of land involved in the case of

[1]Reported in 158 Pac. 987.

9—92 WASH.

*Meacham v. Seattle,* 45 Wash. 380, 88 Pac. 628, but the status of this particular tract as a public ground was not there involved or considered. The contention of appellant, briefly stated, is that a parcel of ground included within a plat of lots and blocks, streets and alleys, dedicating the streets and alleys and "other public grounds" to the public, which plat designates the tract involved as "East Park," *ex vi termini* dedicates the tract to the public as a park or "public ground."

This plat was acknowledged by Edward Hanford on June 9, 1869, and filed for record in the King county records of deeds on June 18, 1869, and afterwards re-recorded in the plat book of towns, "Per Order of County Comrs.," on March 16, 1875. The patent to the land from the United States was not issued until August 27, 1871. On July 1, 1878, Edward Hanford and his wife executed a "Deed of Dedication" to the platted lands, to particularly identify the land with reference to the legal government description and further describe the plat and dedication. Between the dates of the filing of the original plat and the later deed of dedication, the plattors sold lots with reference to the plat and joined in deeds therefor, which acts constituted ratification of the plat as filed. *Meacham v. Seattle, supra.*

In 1881, Edward Hanford and wife conveyed all they then had remaining of the platted land *"excepting the block in the platted land marked East Park, or Block 32,"* which they expressly reserved. In 1882 they conveyed this block 32, or East Park, to Aaron A. Wait. In 1884 Wait conveyed the block to his daughter Anna E. Wait. She intermarried with Frank Hanford in 1886, and died intestate in 1894, leaving as her heir the respondent, who from her inherited the block.

Seattle was incorporated in 1869, and Hanford's addition to South Seattle was then within its corporate limits and so continued until 1875, when the limits of Seattle were reduced to such an extent as to exclude the Hanford addition to

South Seattle, and so remained until 1883 when the corporate limits were again extended so as to include it. It has remained within the limits of Seattle to this time.

No taxes were levied against the platted tract known as East Park prior to 1882. Taxes were levied against it and paid by the original owners, or the Waits, or descendant, to and including 1905. A certificate for 1906 and subsequent taxes to and including taxes for 1913 was sold and issued to another. Appellant in its governmental capacity has twice assessed block 32, or East Park, for local public improvements, as late as 1913.

The town plat law in force at the time of the dedication of the plat of this land is found in the Code of 1881, §§ 2332 and 2329. The first section contains the following:

"All streets, lanes and alleys, laid off and recorded in accordance with the foregoing provisions, shall be considered, to all intents and purposes, public highways, . . ."

The second section is as follows:

"Every donation or grant to the public, or to any individual or individuals, religious society or societies, or to any corporation or body politic, marked or noted as such on the plat of the town, or wherein such donation or grant may have been made, shall be considered, to all intents and purposes, as a quit claim deed to the said donee or donees, grantee or grantees, for his, her or their use, for the purposes intended by the donor or donors, grantor or grantors, as aforesaid."

By these provisions of the law then in force, it will be noted that the first provision constituted a legislative acceptance of all streets, lanes, and alleys laid off in accordance with the law providing for the platting and subdivision of land. But as to the second section, it will be observed that, if any grounds other than those designated as streets, lanes, or alleys are intended to be donated or granted to the public or to any other person or concern, it was necessary to mark or note on the plat that such grounds were donated or granted and for what use or purposes intended by the donor or

grantor.   Three things were essential:   (1) An affirmative act of donation or grant by the donor or grantor noted as . such on the plat or expressed in some other instrument; (2) the donee or grantee must be named or specifically indicated; (3) the specific use to which the donated or granted property is to be devoted according to the intention of the donor or grantor must be expressed or provable in some way.   There was not in this plat, or in the subsequent dedication by deed, any affirmative words or expressions indicating an intent on the part of the plattors, who were the grantors of the public grounds, streets, or alleys, to donate East Park or block 32 to the public or to any individual or body politic, for public purposes or any specific use.   Authorities are cited by appellant to the effect that dedication is shown by spaces on plats designated by the words "Park," "Public Square," "Public Ground," "Common," "County Block," "College Square," "Plaza," "Place," etc.   *Rhodes v. Town of Brightwood*, 145 Ind. 21, 43 N. E. 942; *Archer v. Salinas City*, 93 Cal. 43, 28 Pac. 839, 16 L. R. A. 145; *Steel v. Portland*, 23 Ore. 176, 31 Pac. 479; *Mayor etc. of Bayonne v. Ford*, 43 N. J. L. 292; *Ehmen v. Village of Gothenburg*, 60 Neb. 715, 70 N. W. 237; *Pry v. Mankedick* (Pa.), 34 Atl. 46; *Thaxter v. Turner*, 17 R. I. 799, 24 Atl. 829; 6 Words & Phrases, 5177.

In the text of the authority last cited, it is said:

"The word 'park,' written on a block on a map of city property, indicates a public use, and conveyances made by the owner of the platted land by reference to such map operates conclusively as a dedication of the block."

The situation here, however, is distinguished from that in most of the cases above cited by the positive terms of the statutes which we have quoted.   We have here, in addition to that situation, the fact that, prior to any use indicating an acceptance by the public or the city acting for the public, whatever indicia of dedication to the public there had been by the plattors and dedicators of this land had been revoked by subsequent reservation of this particular block by their

deed more than thirty-seven years ago. After having reserved this particular block by expressions in a deed, they transferred the land ánd it was again transferred.

If the dedication was ever a donation in intention, it was a revocable donation prior to acceptance or use by the donee. Revocation may be effected in such case by conveying the land as private property. 9 Am. & Eng. Ency. Law (2d ed.), 78. Since 1882, the county, which has at all times been a taxing power within the state, has levied and collected taxes upon this block. Tax receipts, showing that the city has collected taxes upon this block since its coming into the city limits in 1882, are in evidence. The city has levied two special assessments upon this property within the last three or four years for public improvements and caused it to be placed upon the assessment rolls therefor. It is contended by appellant that the city could do this without being understood as waiving any of its rights, for the reason that it can assess itself upon its parks for local improvements, and that it customarily does so, in order to assist the property owners in paying for public improvements. The answer to that is that the city did not assess itself, but assessed this particular property as if the property of another, and so placed it upon the assessment roll. Where there has been no acceptance by the city or the public, either formal or otherwise, the levy and collection of taxes and special assessments shows an intention not to accept the dedication. *Spokane v. Security Savings Society*, 82 Wash. 91, 143 Pac. 435.

Appellant also relies upon *Thonney v. Rice*, 43 Wash. 708, 86 Pac. 713, which we do not consider an authority, because in that case it was held that there was timely acceptance of the dedication. We consider this case more analogous to that of *Spokane v. Security Savings Society, supra.* As was observed by the lower court, "the city has never done a single act to evidence its understanding that the property was a donation to the public."

We conclude that there was in this case at best nothing but an ambiguous grant to the public by deed or other written conveyance. There was never any acquiescence in the use of it by the public. There was no user or improvement or adverse possession of the block by the public. There has never been any expressed acceptance of the supposed dedication of the block for public purposes. The property has not been separated from the mass of other taxable property. The city never, during the forty-five years elapsing after the platting of the land showing "East Park," exercised any proprietorship over it. The doubtful and incomplete dedication has been revoked by subsequent effective action on the part of the dedicators. It was not, prior thereto, confirmed and made certain by acceptance and use by the public or the city. The incomplete dedication, if any, was rejected by the inclusion of the block in the mass of taxable property, and the city is estopped to assert it as a part of the public property of Seattle by its act in assessing the same as private property.

The judgment of the trial court is right and is affirmed.

PARKER, BAUSMAN, MOUNT, and FULLERTON, JJ., concur.